EDWARD ·FITZGERALD ET AL., APPELLANTS, V. JOHN P. SAT-
TLER, MAYOR, ET AL., APPELLEES.

FILED JULY 8, 1918.   No. 20276.

1. **Municipal Corporations:** CREATION OF PAVING DISTRICT: PETITION.
   A city of the second class having more than 1,000 and less than
   5,000 inhabitants has authority by a vote of three-fourths of the
   members of the council, under section 5110, Rev. St. 1913, to
   create a paving district and levy special assessments in the man-
   ner pointed out by statute to pay the expense of the paving, with-
   out a petition of the resident owners of the property subject to
   assessment.

2. ————: IMPLIED POWERS.   Incidental powers that are necessary
   to make effective the object of a legislative act are impliedly
   granted.

3. ————: IMPROVEMENTS: POWER OF COUNCIL: VALIDITY OF STATUTE.
   Section 5110, Rev. St. 1913, in providing that, "unless three-fifths
   of the resident owners of the property subject to the assessment
   for such improvements petition the council or trustees to make
   the same, such improvements shall not be made until three-fourths
   of all the members of such council or board of trustees shall by
   vote assent to the making of same," is not therefore viola-
   tive of section 6, art. IX, of the Constitution.

APPEAL from the district court for Cass county: JAMES
T. BEGLEY, JUDGE.   *Affirmed.*

*A. L. Tidd* and *D. O. Dwyer,* for appellants.

*J. E. Douglass* and *C. A. Rawls, contra.*

DEAN, J.

This suit was begun in Cass county against the mayor
and city council of Plattsmouth to enjoin the levy of
a special assessment of $17,862.70 against the property
of 24 plaintiffs situate in paving district No. 12. From
a dismissal of the action, except as to plaintiff Alfred
W. White, in whose favor the injunction was made
perpetual, and to which the city did not except, all
other plaintiffs have appealed.

Plattsmouth is a city of the second class having more than 1,000 and less than 5,000 inhabitants. The paving district was created by an ordinance that was adopted by all the members of the city council at a regular meeting held on April 24, 1916, under sections 5080-5194, Rev. St. 1913. Some amendments were added in 1915 that have no bearing on this case. On May 22, 1916, almost a month after the passage of the ordinance in question, a remonstrance was filed by a majority of the owners protesting against the levy on the ground that the ''council were without authority to create said paving district and assess the expense of paving to the property.'' Plaintiffs argue that, because no petition was filed with the council by the plaintiffs and interested property owners asking for the creation of the district, the city is therefore without authority to levy a special assessment to pay for the paving, and cite as authority *Orr v. City of Omaha,* 2 Neb. (Unof.) 771, a case that is not in point because the statute there construed had to do with a statute that applied to the government of cities of the metropolitan class, and that did not have this provision that we find in section 5110, Rev. St. 1913, namely: ''But unless three-fifths of the resident owners of the property subject to the assessment for such improvements petition the council or trustees to make the same, such improvements shall not be made until three-fourths of all the members of such council or board of trustees shall by vote assent to the making of same.''

The power of a council of a city in the Plattsmouth class to create a paving district without a petition of property owners therefor, and to levy a special assessment to pay the expense of paving in the manner pointed out in section 5110, Rev. St., 1913, has been in effect ever since 1879, and, though the act has been the subject of amendment, city councils in that class have never been deprived by the legislature of the right so conferred by that body, nor has this court ever held

that the legislature under section 6, art. IX, of the Constitution, was without authority to confer this power of taxation on such city council. The principle of tax levy herein discussed having been recognized by the legislature for almost 40 years is an indication that the act in question is believed by that body to be in harmony with the fundamental law. The authority of the legislature in this respect is approved in *Hoopes v. City of Omaha*, 99 Neb. 460, 464, wherein it is said: "The legislature might have authorized the making of improvements by the city council without any petition." But it will be noted that in the *Hoopes* case the court had under consideration section 4287, Rev. St. 1913, a statute that applies only to cities of the metropolitan class, and that expressly provides that certain improvements may be made "only upon petition of the record owners of a majority of the frontage of taxable property in such district." The form of taxation assailed by plaintiffs has been recognized in other jurisdictions under similar grants of power. *Londoner v. City and County of Denver*, 210 U. S. 373; *Beecher v. City of Detroit*, 92 Mich. 268.

It is fundamental that a municipal corporation is without power to levy a special assessment for public improvements unless authority is expressly conferred by statute, in which case the statute must be strictly followed. That the incidental powers necessary to make effective the object of a legislative act are impliedly granted is elementary.

Plaintiffs argue that the levy is in excess of any benefits to the property. On this point the evidence conflicts, but there is sufficient to support the judgment. After an examination of the evidence, we have arrived at the same conclusion that was reached by the trial court, and therefore the judgment will not be disturbed.

It is contended by plaintiffs that they have not had their day in court, but in this they are not supported by the record. The notice that the city council would

sit as a board of equalization to make the levy was regularly published in the manner pointed out in section 5113, Rev. St. 1913, but plaintiffs did not appear. ·Had they appeared before the council, the right of review would have remained in case of an adverse ruling. In view of the record, plaintiffs are not in position to complain in the respect noted. Every jurisdictional requirement in the proceedings was complied with by the council, and throughout the vote of that body on every such requirement was unanimous, with the exception of the vote of one member 'on one or more minor features.

Plaintiffs also contend that some of the property was not "abutting on or adjacent to" the street that was paved. On the authority of *Hoopes v. City of Omaha,* 99 Neb. 460, this contention cannot be upheld.

Finding no reversible error, the judgment of the trial court is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.