JAMES P. CARR ET AL., APPELLANTS, v. CITY OF LEXINGTON ET AL., APPELLEES.

FILED MARCH 27, 1919. No. 20899.

Municipal Corporations: PAVING: PETITION TO ENJOIN: SUFFICIENCY. The material allegations of the petition in this case examined, and *held* not to state facts sufficient to constitute a cause of action.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*T. M. Hewitt* and *H. D. Rhea,* for appellants.

*D. H. Moulds, Cook & Cook,* and *J. H. Linderman,* contra.

LETTON, J.

Action to enjoin the city of Lexington and its municipal officers from entering into a paving contract, and from levying or collecting taxes for the payment of such improvements. A general demurrer to the petition was sustained by the trial court and the action dismissed. Plaintiff appeals.

The brief of appellant was not prepared in accordance with rule 12 (94 Neb. XI) of this court, and it has been difficult to ascertain the points on which appellant relies. The petition alleges the invalidity of the ordinance establishing the paving district, and a number of other facts which are alleged to constitute fatal defects in the proceedings are set forth. Attached to the petition as an exhibit is a copy of the record of the proceedings of the board with reference to the proposed paving.

It is alleged that no ordinance has been passed authorizing such paving to be made, or such a contract to be entered into. An ordinance for that purpose appears in the record, and appellant has not pointed out any particular defect in it or in its passage, except that he contends that it was not read three times, and that the description of the paving district therein is too indefinite. The record recites that the ordinance was introduced and read, that afterwards a motion to suspend the rules as to reading on three separate days was adopted, and it was then read a second and third time and passed. This is sufficient.

It is also claimed that the ordinance is not sufficiently definite in its description of the paving district, or of the property included therein.

Section 1 provided that the paving district "shall include all that portion of Washington street from the north line of Eighth street to the north line of Pacific

avenue," describing other streets in like manner, "paving of said streets in said districts to be from curb line to line as now established." Section 2 provides that "said paving district No. 1 shall include all lots and blocks within the above-named descriptions of streets, and shall also include all lots or parts of lots 150 feet east from the lot line on that part of Grant street required to be paved," describing the lots upon the other streets within the district in similar fashion. This is sufficiently definite, since it points out the streets upon which the lots benefited face, and the depth to which they extend from the lot line.

It was objected that no petition was filed for this paving. The ordinance was passed under the provisions of chapter 102, Laws 1917, which provides, in substance, that unless three-fourths of the resident owners of the property subject to assessment petition the council to make the same, such improvement shall not be made until three-fourths of all the members of the council shall by vote assent to the making of the same. The ordinance was passed by the affirmative vote of all of the six councilmen, which authorizes the making of the improvement without the filing of a petition.

The brief asserts that no estimate was made by the city engineer, but the record recites that the city engineer filed an estimate, and also shows that the plans, specifications and estimates of the city engineer for paving that part of Washington street within paving district No. 1 were approved, and the city clerk was ordered to advertise for bids.

The petition alleges that no ordinance was passed specifying the material to be used. No section of the statute has been pointed out to us which prevents the city authorities from specifying the kind of material to be used by resolution, as was done in this case. The plans, specifications and estimates specified the kind of material to be used, and the published notice was also specific in this regard.

It is contended that the act (Laws 1917, ch. 102) amending section 5110, Rev. St. 1913, is unconstitutional because it contains more than one subject. The amendment was germane to the subject of the section and act amended, and is not vulnerable to the attack. The section of the statute attacked was passed upon in the recent case of *Fitzgerald v. Sattler*, 102 Neb. 665, and held to be valid. A number of other contentions are made which are so obviously unsound that it is unnecessary to specify them.

We agree with the district court that there is no cause of action stated in the petition. Its judgment is therefore

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.