CITY OF SUPERIOR, APPELLEE, V. ELLA M. W. SIMPSON, APPELLANT.

FILED JUNE 25, 1926. No. 24180.

1. **Municipal Corporations: PAVING.** The charter of cities of the second class having a population of less than 5,000 empowers the city council, by assent and vote of three-fourths of its members, to pave a street without a petition by the owners of the property subject to assessment. Comp. St. 1922, sec. 4283.

2. ———: ———: ASSESSMENTS: VALIDITY: BURDEN OF PROOF. Under the charter of cities of the second class having a population of less than 5,000, the burden is on a person assailing as void an assessment for paving to prove the invalidating facts. *Whitla v. Connor, ante,* p. 526.

3. ———: ———: ———. Under the charter of cities of the second class having a population of less than 5,000, the city council is not required to insert in the resolution containing

assessments for paving a finding that the benefits were equal and uniform.

4.  ——: ——: ——: IRREGULARITIES. Where a city council, acting within its jurisdiction and exercising properly delegated power, assesses property for the benefits of paving, mere irregularities in the proceedings do not necessarily invalidate the assessments.

5.  ——: ——: LETTING OF CONTRACT. Under a city charter requiring an engineer's estimate of the cost of a paving project and limiting the contract price thereto, the city council may reject a bid, because in excess of the estimate, advertise for new bids and subsequently let the paving contract to the original bidder under a new bid, if within a revised estimate made in good faith by the engineer and approved by the city council in the meantime.

6.  ——: ——: ——. Before the legislature in 1925 inserted by amendment in the charter of cities of the second class having a population of less than 5,000 a provision requiring advertisements for bids and competitive bidding as conditions of letting contracts for paving, the members of the city council were not bound to pursue that course. Laws 1925, ch. 51, sec. 1; Comp. St. 1922, sec. 4180; *Murphy v. City of Plattsmouth,* 78 Neb. 163.

7.  ——: ORDINANCES: PUBLICATION. A city ordinance regularly passed by the requisite majority of the council and signed by the mayor is not invalidated by mere inadvertence of the city clerk in publishing a purported copy without erasing therefrom the name of a former mayor and inserting in its place the name of the incumbent.

8.  ——: ——: SIGNATURE: PROOF. The signing of a city ordinance by the mayor may be shown by the city clerk's record, in absence of the original ordinance.

APPEAL from the district court for Nuckolls county: RALPH D. BROWN, JUDGE. *Affirmed in part, and reversed in part.*

*W. H. Hatteroth,* for appellant.

*Doane F. Kiechel, F. H. Stubbs* and *J. W. Boyd, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, THOMPSON, and EBERLY, JJ., and REDICK, District Judge.

ROSE, J.

This is a suit in equity to foreclose two certificates of sale issued by the county treasurer of Nuckolls county to plaintiff. One of the certificates evidenced the sale of lots 1 to 6, inclusive, in block 40, East Superior, for nonpayment of assessments of $312.58 for benefits accruing to the lots by the paving of a street. The other certificate evidenced the sale of lot 2, in block 11, Hunter's First Addition to the city of Superior for nonpayment of assessments of $154.10 for paving benefits also. Plaintiff is a city of the second class, having a population of less than 5,000. It made the paving improvements for which the lots were assessed and was holder of both certificates. Defendant was owner of the lots and resisted foreclosure on the theory that the assessments were invalid. Upon a trial of the issues the district court ordered a foreclosure of the certificate for the sale of lots 1 to 6, inclusive, in block 40, East Superior, and from that part of the decree defendant appealed. A foreclosure of the certificate for the sale of lot 2, in block 11, was denied and from that part of the decree plaintiff took a cross-appeal.

It is first argued by defendant that the ordinance creating the paving district in which lots 1 to 6, inclusive, are situated is void, because the petition for the paving was not signed by three-fifths of the resident owners of property subject to assessment, as required by the city charter. Comp. St. 1922, sec. 4283. Assuming, but not deciding, the insufficiency of the petition, the ordinance was valid under legislation empowering the city council, by assent of three-fourths of its members, to make the improvement without a petition. Comp. St. 1922, sec. 4283; *Fitzgerald v. Sattler*, 102 Neb. 665; *Carr v. City of Lexington*, 103 Neb. 293. The record in the present case shows that the paving ordinance was passed by the requisite majority to make it effective without a petition. There was a valid exercise of legislative power and in this respect the case differs from *Rooney v. City of South Sioux City*, 111 Neb. 1, a suit in which the evidence showed that the paving ordinance, by its own terms, never went into effect.

It is next argued by defendant that the assessments of lots 1 to 6, inclusive, in block 40, East Superior, are void for failure of the city council to comply with the city charter which, among other things, provides:

"Such assessment shall be made by the council or board of trustees at a special meeting, by a resolution fixing the valuation of such lot assessed, taking into account the benefits derived or injuries sustained in consequence of such contemplated improvements, and the amount charged against the same." Comp. St. 1922, sec. 4286.

The assessments were made by an ordinance equivalent to a resolution. It gives the number of the paving district and identifies the lots. It also declares that, for the purpose of paying the cost of the improvements, the city council, sitting as a board of equalization, "finds, ascertains, determines, equalizes and fixes the benefits derived and injuries sustained," and that pursuant to such action it levies special assessments upon the lots, giving a list showing the amount of the assessment against each. The point urged by defendant seems to be that the ordinance contains no finding that each lot was benefited to the extent of the special assessment against it or that the benefits were equal and uniform. In view of the city charter, the two ordinances, the entire proceedings, the improvements actually made, and the presumptions in favor of the validity of legislative and official action, the ordinance containing the assessments is sufficient to show that the council considered each lot was benefited to the extent of the special assessment against it. In any event the special assessments for benefits are sufficient to cast on defendant the burden of proving invalidating facts, if any, a burden not assumed by her. *Whitla v. Connor, ante,* p. 526.

Plaintiff's charter does not require the council to insert in the resolution containing the assessment a finding that the benefits were equal and uniform. In *Chicago & N. W. R. Co. v. City of Albion,* 109 Neb. 739, this rule was announced:

"It is neither required nor necessary that the amount of

special benefits assessed against each lot in a paving district bear any proportionate relation to the actual value of the lot."

Mere irregularities do not necessarily invalidate assessments for special benefits. *Biggerstaff v. City of Broken Bow*, 112 Neb. 4. Error does not appear in that part of the judgment from which defendant appealed.

The cross-appeal presents for review that part of the judgment dismissing the plea for a foreclosure of the certificate evidencing the sale of lot 2, in block 11. Plaintiff insists there is nothing in the record to show the invalidity of the special assessment for the benefits accruing to that lot by reason of the paving. On the other hand, defendant argues that the council did not comply with the statute requiring in advance an engineer's estimate of the cost and limiting the contract price thereto. Comp. St. 1922, sec. 4180. This latter point does not seem to be well taken. In the first instance an estimate was regularly made and bids properly invited upon due notice. At a meeting of the council July 10, 1919, a bid by the Watts Construction Company was rejected on the ground that it exceeded the estimate of the engineer. The latter revised his estimate. The city clerk was directed to readvertise for bids to be opened the next day. There was a compliance with this direction by means of a newspaper publication. The council met again July 11, 1919, approved the revised estimate of the engineer and accepted another bid by, and let the contract to, the Watts Construction Company. The evidence does not show that the accepted bid exceeded the engineer's estimate. On the contrary, the resolution awarding the contract, as shown by the clerk's record, contains the statement that the bid of the Watts Construction Company conforms to, and in no particular exceeds, the estimate of the engineer. While there is no reason to approve the action of the council in limiting the time for new bidding to a single day, there is nothing to show that the haste indicated and the revising of the estimate were sufficient to invalidate the proceedings or the assessment. The original

City of Superior v. Simpson.

notice and the time for making bids were ample.  The evidence does not show fraud or concealment on the part of the council.  It is not shown that the estimate of the engineer as revised or the cost of the paving or the assessment was excessive or unfair.  There is a lack of proof that lower bids or better terms could have been obtained.  Furthermore, the statute under which the city council acted did not then require advertisements for bids and competitive bidding.  Comp. St. 1922, sec. 4180; *State v. Marsh,* 107 Neb. 637.  Provisions of that kind, however, were inserted by an amendment in 1925, but are not applicable to the present controversy, the improvement having been made in 1919.  Laws 1925, ch. 51, sec. 1.

*Murphy v. City of Plattsmouth,* 78 Neb. 163, cited by defendant, does not control the present decision.  In that case the report fails to show that there was a new advertisement or that a new bid was submitted and accepted after the change in the estimate.

It is argued further that the resolution containing the assessment of lot 2, block 11, was not signed by the mayor.  As published the resolution did not bear .his name, that of a predecessor having been inadvertently used in the notices, but this did not prove that the original resolution adopted was not in fact signed by the mayor or that the notice was fatally defective.  A copy of the resolution was introduced in evidence and the name of the mayor appears in the proper place for his signature.  That he signed the ordinance was shown by the clerk's record.  This proof was not overthrown by other evidence.  A substantial ground for denying the foreclosure of plaintiff's lien on lot 2; block 11, has not been suggested or found.

The judgment in favor of plaintiff is affirmed.  The dismissal in favor of defendant is reversed and the cause remanded for a decree foreclosing the lien on lot 2, block 11.

AFFIRMED IN PART, AND REVERSED IN PART.

Note—See Municipal Corporations, 28 Cyc. 360 n. 33, 398 n. 92, 959 n. 36, 1026 n. 53, 1031 n. 10, 1141 n. 9, 1167 n. 61.