ROBINSON vs. THE CITY OF MILWAUKEE and another, imp.

*November 13 — November 25, 1884.*

*Equity: Municipal corporations: Restraining collection of special tax: Adequate remedy at law.*

A complaint alleged that after the grade of a street upon which the plaintiff's lots abutted had been fixed, the defendant city constructed a sewer along said street above the level thereof in such a way as to necessitate the raising of said grade and the expenditure of large sums by the plaintiff in raising his lots, and prays for an injunction restraining the collection of a special tax assessed upon said lots for the construction of the sewer. *Held*, that the facts stated constitute no ground for equitable interference.

APPEAL from the Circuit Court for *Milwaukee* County. The substance of the complaint is stated in the opinion.

The defendants *The City of Milwaukee* and *Albert B. Geilfuss*, city treasurer, demurred generally to the complaint, and from an order sustaining such demurrer the plaintiff appealed.

For the appellant there was a brief by *J. P. C. Cottrill*, of counsel, and oral argument by *Winfield Smith*.

For the respondents the cause was submitted on the brief of *Robert Luscombe*, City Attorney. There was also a brief by *Rogers & Mann*, attorneys for James Markey.

ORTON, J. The complaint shows that the plaintiff owned the land on each side of Clinton street, in the city of *Milwaukee*, within certain limits; that the city fixed the grade of said street in 1875; and that the city, by the common council and board of public works, determined upon, planned, and laid out a sewer along said street, between the lands of the plaintiff, of the proper level, and let the contract for the building of the same to the defendant James Markey; and that Markey completed his contract by the construction of said sewer of the proper depth, and with the proper depth of covering; and that the lands of the plaintiff were assessed at the sum of $656 therefor; and that a certificate therefor was issued to the said Markey, according to his contract; and that said assessment constituted a special tax against said lands for the year 1879; and that the treasurer of the said city threatens to sell said lands therefor. The complaint further shows that said sewer was planned, laid out, and constructed so that its walls and covering project above the level of said Clinton street, as graded in 1875, in such way as to injure the use of said street, and cause special damage to said lands, and to the plaintiff in the reduction of the rental value of the buildings thereon; and that the city has been compelled to raise the grade of said street to the height of said sewer; and that in consequence of the change of the grade of said street the plaintiff has been compelled to incur large expenses, exceeding $1,000, in raising the grade of his lands to conform thereto.

There is no complaint that all this has not been done strictly according to law. The only ground of complaint is

that the city had no authority to cause said sewer to be so constructed above the former established grade of the street. The revised and consolidated charter of the city, by sec. 6, subch. 5 of ch. 184, Laws of 1874, and sec. 16, subch. 8 of said chapter, and by sec. 20, ch. 144, Laws of 1875, gives to the common council and board of public works the very fullest power and discretion to superintend and regulate and control, and to fix the grade of, sewers, and approve their construction. These powers are *quasi* judicial, and their exercise cannot be questioned collaterally. They had the right to establish the grade and construct the sewer, even above the established grade of the street, if they saw proper so to do. This sewer had to be so constructed in order to its discharge into the proper place and at the proper level. If it made a change of the grade of the street necessary, what of it? It would seem to be as proper to construct the sewer first and raise the street afterwards, as to first raise the street and then construct the sewer, and of no more damage to the plaintiff. This is a complaint in equity to enjoin the treasurer from collecting the special tax by a sale of the property. There is no complaint that this tax is illegal or unjust. It belongs, when collected, to the contractor, and he has lawfully earned it by the completion of the work according to his lawfully authorized contract. If the plaintiff is damaged, he can recover the same in a court of law, if he is entitled to recover anything, or have any relief therefor.

It is difficult to write an opinion in such a case, except a mere decision. There is not the slightest ground for equitable relief shown by the complaint, and there never was equitable relief granted in such a case. If the city has, by this sewer or grade of the street, created a nuisance of special injury to the plaintiff, not authorized, then clearly, by the statute, the remedy is by an action at law. Secs. 3180, 3181, R. S. The nuisance is complete, and the mischief done, and,

certainly, an injunction against the collection of the lawful tax therefor will not prevent or abate it.   The demurrer to the complaint was properly sustained.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.