Cordelia W. Harmon, Administratrix, et al., Appel-
lees, v. City of Omaha et al., Appellants.

Filed December 22, 1897.　No. 7676.

1. **Void Taxes: Injunction.** "A party who is not guilty of laches may
invoke the aid of a court of equity to restrain the collection of a
void tax or assessment." *Morris v. Merrell,* 44 Neb. 423, followed.

2. **Taxation: Special Assessments: Cities.** Where special taxes or
assessments against property to pay expenses of improving the
streets of a city are void, they cannot be enforced solely on the
ground of the benefits of the improvements to the owners of the
abutting lots or lands.

Appeal from the district court of Douglas county.
Heard below before Keysor, J. *Affirmed.*

*W. J. Connell* and *E. J. Cornish,* for appellants.

*Charles S. Elgutter, contra.*

Harrison, J.

On June 1, 1892, the council of the city of Omaha
passed an ordinance by which there was created im-
provement district No. 470, in said city. The district
included a portion of Ninth street from the point of
intersection of it and Pacific street and extending north
to the alley, or to where, in fact, it abutted the tracks
and grounds of the Union Pacific and Burlington rail-
roads. On July 2, 1892, the portion of Ninth street to
which we have just referred was, by ordinance then en-
acted, ordered paved with Colorado sandstone, and be-
tween May 10 and June 10, 1893, the work of paving was
done under contract with the city authorities. Subse-
quently, and during the year 1893, a special assessment
and levy of taxes were made on the properties included
in the district to raise the funds to pay for the paving
and curbing. This action was instituted in the district
court of Douglas county by the appellees of the property

owners in said district to enjoin the collection of the taxes, and from a decree in their favor the city and its officer necessarily involved in the action have appealed to this court.

It was alleged in the petition filed for appellees in the district court, "That no petition praying for said improvement aforesaid signed by the owners of the lots or land abutting upon said street within said improvement district, and representing a majority of the feet frontage thereon, as provided by the laws of the state of Nebraska governing cities of the metropolitan class, has ever been presented or submitted to the city council of the city of Omaha. * * * And plaintiffs further allege that the said mayor and city council were without jurisdiction, and without power or authority of any kind to levy on the property of these plaintiffs, described as aforesaid, the alleged taxes for paving and curbing of said Ninth street, levied as aforesaid, and that said alleged taxes were null and void." The answer of appellants denied the allegations of the portion of the petition which we have quoted, and alleged that "These defendants, further answering said petition, allege that said paving in said district was done with the knowledge and consent and by the permission and authority of the owners of the lots and real estate in said paving district and without objection or protest on the part of said plaintiffs, or either of them, and without objection on the part of any owner of any lot or real estate in said paving district. The said defendants further say that the paving done in said district specially benefited said lots to the full amount, and more than the amount, of the said special assessment levied thereon to cover the cost of said paving." To this answer, so far as is disclosed by the record, there was no reply. The decree rendered in the cause, after the statement that the cause "came on to be heard on the petition, answer, and the evidence and argument of counsel," continues as follows:

"That no petition of the owners of the lots and lands

abutting upon that part of Ninth street within said improvement district No. 470 representing a majority of the feet frontage was ever made, presented, or filed with the mayor or city council asking or requesting to have said street improvement district created or said part of Ninth street in said district paved. The court further finds that said plaintiffs had personal knowledge of the doing of said work of paving at and before the commencement thereof and while the same was being done, and made no objection or protest to said paving being done to the authorities of said city by written protest or otherwise.

"The court further finds that the only protest ever made to or filed with the city authorities of the city of Omaha relating to said paving were the protests filed with the city council, sitting as a board of equalization, of which copies have been introduced in evidence.

"The court further finds, as a matter of law, that by reason of no petition having been made or filed by the owners of the lots and real estate abutting upon said part of Ninth street in said district representing a majority of the feet front thereon asking or petitioning to have said paving done, the said defendant, the city of Omaha, by its mayor and council, were without jurisdiction to do said paving or to levy a special tax or assessment on said lots or real estate to cover the costs of said paving, and that for such reason the said special taxes in plaintiffs' petition described are null and void."

It was adjudged that the assessments and taxes were null and void, and appellants were perpetually enjoined from their enforcement or any attempt at their collection.

Counsel for appellants, in the brief filed, state: "We have, * * * in this case but one question, to-wit, Can a property owner who knows that a city of the metropolitan class is about to pave a street in front of his premises stand by while said improvement is being constructed, making no complaint or protest of any kind to

the city until his property is about to be assessed to raise funds to pay the costs of said improvement, and then, for the first time, with full knowledge of all the proceedings from the beginning, admitting that the special benefits to his property by reason of said improvement equal or exceed the amount assessed against his property, obtain a decree in a court of equity enjoining the collection of said taxes and canceling the same, without offering to do equity by paying an amount equal to the special benefits received, not to exceed the amount assessed against his property?" In regard to the character or quality of the assessment and levies of taxes, a question which arises as a part or element of the main question, the authority to make such street improvements and levy the taxes on abutting lots or lands to pay the expenses of the same was conferred in section 69 of chapter 12a of Complied Statutes 1891, one of the sections of the act passed for the government of cities of the metropolitan class, and, prior to its exercise by the officers of the city, there must have been presented to them a petition by the owners of the majority of the feet frontage of the lots or land abutting on the street praying or requesting that the improvements be made. Without the petition the officers could not move in the premises,—could not order the improvements and levy taxes on the abutting properties for the payment of the whole of the expenses. (*Von Steen v. Beatrice*, 36 Neb. 421; *State v. Birkhauser*, 37 Neb. 521.) There was no such a petition asking for the improvements in district 470 on the portion of Ninth street included in such district; hence the officers were not warranted in the exercise of the authority, the order for the improvements was illegal, and the levy of taxes based thereon was void. It is a familiar rule that enactments by which authority for special assessments or levies of taxes is conferred are to be strictly construed. It is also a familiar doctrine that in order to sustain such assessments, the record must affirmatively show a compliance with all the conditions essential to a valid exercise of

the taxing power. (*Smith v. City of Omaha,* 49 Neb. 883; *Hutchinson v. City of Omaha,* 52 Neb. 345; *Stenberg v. State,* 50 Neb. 128.) The proceedings being without the condition necessary at their inception, they were without authority and the taxes levied were void. (*Hurford v. Omaha,* 4 Neb. 352; *Hanscom v. Omaha,* 11 Neb. 44; *Von Steen v. Beatrice, supra; State v. Birkhauser, supra; State v. Irey,* 42 Neb. 186; *Touzalin v. Omaha,* 25 Neb. 824; *McGavock v. Omaha,* 40 Neb. 85; *Hutchinson v. City of Omaha, supra.*)

It is said in the opinion in the case of *Mulligan v. Smith,* 59 Cal. 206, wherein a question similar to the one we are now discussing was under consideration: "Now the statute made the petition an essential initiative of the proceedings," and further: "When, therefore, the legislature prescribed that a petition from the owners of a majority in frontage of the property to be charged with the cost of the improvement was necessary to set the machinery of the statute in motion, no step could be taken under the provisions of the statute until the requisite petition was presented. It was the first authorized movement to be made in the opening of the avenue. When taken, officers who were to constitute and organize a board of public works were authorized to organize. Until it was taken they had no such authority. They could not legally act at all; or if they acted their proceedings would be unauthorized and void. The presentation of the petition required by the statute was therefore essential. It was, as other courts in construing similar statutes have expressed it, a jurisdictional fact that may not be presumed or inferred, upon which rested all the subsequent proceedings authorized by the statute." (See also *Steckert v. East Saginaw,* 22 Mich. 104; *Tone v. Columbus,* 39 O. St. 281; *Zeigler v. Hopkins,* 117 U. S. 684; *City of Dallas v. Ellison,* 30 S. W. Rep. [Tex.] 1128.)

Reverting now to the main proposition argued for appellants that appellees were not entitled to a decree

enjoining the collection of the taxes because they did not take some action before the improvement of the street, it may be said that the finding of the court that the appellees "had personal knowledge of the doing of said work of paving at, and before, the commencement thereof and while the same was being done," is a fair conclusion on the subject drawn from the facts which appear in the record. Was this sufficient to preclude them from obtaining relief by injunction against the enforcement of the void taxes or to bar them of such relief until the payments of the benefits, if any, which accrued to their properties from the improvement of the streets?

In *Steckert v. East Saginaw City, supra*, it was stated that knowledge of the proceedings and of the improvements and of the illegality of the proceedings which rendered the assessments void did not estop the parties or bar them of the relief prayed, an injunction against the collection of special taxes levied to pay the expenses of paving a street, and this was applicable relative to parties who had signed the petition by which the improvement was requested. To the same effect see *City of Dallas v. Ellison, supra*.

In the decision in the case of *Tone v. Columbus, supra*, it was stated: "In regard to proceedings by public officers, preliminary to levying a special assessment for the improvement of a public highway, it is only when the duty to speak is imperative, that mere silence on the part of a land owner will operate as an estoppel. (Cooley, Taxation, 573; *Counterman v. Dublin Township*, 38 O. St. 515.) To sustain an estoppel because of omission to speak, there must be both the opportunity and the duty to speak; the party maintaining silence must be in a situation to know that some one was relying thereon, and acting, or about to act, as he would not have done had he spoken and asserted his right. (*Viele v. Judson*, 82 N. Y. 32.) We think the true rule is this: When the improvement is of a public street upon which the own-

er's property abuts, before the duty to speak can be said to exist, which is so imperative that if he keeps silent then, he shall not afterwards be heard, it must be shown:

"First—That he knew the improvement was being made. (*Teegarden v. Davis*, 36 O. St. 601; *Stephan v. Daniels*, 27 O. St. 544.)

"Second—That he had knowledge that the public authorities intended and were making the improvement upon the faith that the cost thereof was to be paid by the abutting property owners and that an assessment for the purpose was contemplated. (*Hagar v. City of Burlington*, 42 Ia. 661.) Because cities may improve the public streets out of the general fund and without a special assessment.

"Third—That he knew of the infirmity or defect in the proceedings, under which the improvement was being made, which would render such assessment invalid and which he is to be estopped from asserting. 'At least, in the absence of any evidence of previous knowledge on his part of their unlawful action, he is in time with his protest, when they proceed to deprive him of his rights under such proceedings.' (Cooley, J., 22 Mich. 104; *Davenport C. R. Co. v. Davenport Gas Light Co.*, 43 Ia. 301.)

"Fourth—Some special benefit must have accrued to the owner's property distinct from the benefits enjoyed by the citizens generally. (*Stephan v. Daniels*, 27 O. St. 544; 30 Ind. 194.)" (See also *City of Terre Haute v. Mack*, 38 N. E. Rep. [Ind.] 468.)

In this state the rule has been stated thus: "A party who is not guilty of laches may invoke the aid of a court of equity to restrain the collection of a void tax or assessment." (*Morris v. Merrel*, 44 Neb. 423; *Hutchinson v. City of Omaha*, 52 Neb. 345; *Touzalin v. City of Omaha, supra; Bellevue Improvement Co. v. Village of Bellevue*, 39 Neb. 876; *Thatcher v. Adams County*, 19 Neb. 485.)

The appellees had knowledge of the commencement and progress of the work, and, doubtless, must be

charged with knowledge of the provisions of the law under which it was being done; but it will not do to say that they will be charged with notice of the illegal actions of the city officers in relation to the improvements because of the fact that the work was ordered done without the petition required by the statute on the subject, and of this latter it is not of the record that they possessed actual knowledge. It must rather be said that they were warranted in assuming, in the absence of actual information that the officers would and were acting and proceeding legally in all respects as required by statute and to rest their rights on such assumption, and in so doing they were not guilty of laches. This being true, they were entitled to call for the aid of the court in the restraint of the enforcement of the void taxes, and this without prior payment or tender of alleged benefits to their properties. Where special taxes or assessments against property for the payment of expenses of the improvement of streets of a city are void they cannot be enforced solely on the ground of the benefits received by the owners of the abutting lots or lands. (*Buckley v. City of Tacoma*, 37 Pac. Rep. [Wash.] 441.)

Under the facts as they appear in the record before us, the appellees were entitled to the relief afforded them in the decree of the district court. The decree is right and is

AFFIRMED.