ARABELLA E. WOOKEY ET AL., APPELLANTS, V. CITY OF
ALMA ET AL., APPELLEES.

FILED MARCH 8, 1929.   No. 26779.

*Tibbets, Lambe & Hewitt* and *John W. Starr,* for appellants.

*O. E. Shelburn* and *J. F. Miller, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY
and DAY, JJ., and ELDRED and REDICK, District Judges.

ELDRED, District Judge.

In this case the appellants are seeking to enjoin the appellees from levying certain special assessments on lands owned by them, and from issuing and disposing of certain paving bonds, for an indebtedness incurred in paving district No. 17 of the city of Alma.   On trial in district court,

decree was entered in favor of defendants. Plaintiff and intervener appealed.

Seventh street of the city of Alma, upon which the paving in question was constructed, runs east and west and is a mile long. The south half of said street and one-fourth of the north half thereof is within the corporate limits of said city, and the remaining portion is without such corporate limits. Prior to the making of the improvements Seventh street had been designated as a rural post road by the federal authorities and was established and still remains a part of a state highway system.

On December 8, 1925, the city of Alma, by resolution, asked Harlan county to obtain federal aid for paving such street, agreeing to pay one-half the cost, on condition that federal aid be obtained for the other half. The county board of Harlan county on the same day asked for such federal aid up to $16,500, which was secured.

At the time the foregoing proceedings were had no paving or improvement district including Seventh street and the property of the appellants had been created, and no levy of special assessments on property benefited by the proposed improvement had been authorized by ordinance or otherwise. No appropriation of money for that purpose had been made, and the city did not have any funds available therefor; and no request had been made by the taxpayers for such improvements.

On February 2, 1926, ordinance No. 66 was adopted creating paving district No. 17, including Seventh street and the property of the appellants, and authorizing a levy of special assessments and the issuing of intersection and district paving bonds. After the passage of the ordinance the engineers' plans, specifications and estimates of cost of grading and paving were approved by the city council. The estimate of costs of construction which was filed with the city clerk prior to February 2, 1926, estimates the cost at $38,845.60. The advertisement for bids did not contain the engineers' estimate of costs, but its sufficiency is not otherwise challenged. The plaintiff and intervener had

knowledge and notice that the improvements were being made, and took no steps, legal or otherwise, to prohibit or restrain the making of the same. The actual cost of construction under the contract let was $35,384.05. Federal aid was secured to the extent of $16,500. The work of construction was accepted by the defendant city. Notice was duly given and the council met as a board of equalization February 14, 1927. The plaintiff was present in person and by her counsel, but neither plaintiff nor intervener filed any objection to the proposed assessment, and took no appeal or error proceedings from the action of the board levying the assessment complained of; the assessment against the plaintiff's land being $500, and against the intervener's land $340. The total assessment to all property adjoining Seventh street in district No. 17 was $2,710.

The first question of law urged by appellants in their brief is: "Were the defendants, the mayor and city council of the city of Alma, authorized by law to enter into a contract and appropriate money for the purpose of grading and paving Seventh street without a vote of the people authorizing such action?"

Chapter 138, Laws 1923, in force at that time, provides: "But unless three-fifths of the resident owners of the property subject to the assessment for such improvements petition the council * * * to make the same, such improvements shall not be made until three-fourths of the members of such council * * * shall by vote assent to the making of the same."

There is no contention that ordinance No. 66, creating the paving district and providing for the assessment of the property benefited thereby was not passed by a vote of three-fourths of all members of the council. That was sufficient. *City of Superior v. Simpson*, 114 Neb. 698; *Fitzgerald v. Sattler*, 102 Neb. 665.

In this connection it is urged that the duty of maintaining the street in question did not rest upon the city, it having a population of less than 1,400; but that Seventh

street being a part of the state highway system, under section 8336, Comp. St. 1922, as amended by section 1, ch. 158, Laws 1925, it was the duty of the department of public works of the state to maintain such street. This act does purport to place a duty in the particulars claimed upon the department of public works; but it does not purport to amend or repeal the provisions of the statute authorizing such a city to pave and maintain all its streets. The act is not independent legislation, complete in itself. Amendments and repeals by implication are not favored. In our view the act cited did not amend the provisions of the city charter relative to paving, or affect the jurisdiction of a municipality of less than 1,400 population over its streets.

It is further contended in this connection that such a municipality could not contract for the improvements without submitting a proposition therefor to the qualified electors thereof, on the theory that in so doing it is making a donation to a work of internal improvement within the prohibition of section 2, art. XIII of the Constitution. This contention cannot be sustained. *State v. Bone Creek Township,* 109 Neb. 202.

"Could the city of Alma, without any previous appropriation therefor and without an ordinance, create an improvement district, and provide for the levying of special assessments to meet the cost of such improvements, lawfully contract and agree to pay one-half of the cost of improving Seventh street?"

While the city had asked for assistance of the federal authorities in constructing the paving in question prior to the adoption of ordinance No. 66, yet plans and specifications were not adopted, contract was not let for the improvements, nor, so far as it appears from the record, was any expense incurred until after the passage of such ordinance. The fact that ordinance No. 66, creating a paving district, was not adopted until after the federal authorities had been requested to assist in the expense of paving is in no manner material and cannot be considered an

irregularity. That was not a contract creating an indebtedness against the city and was no part of the proceedings required as a condition precedent to the assessment of the costs of the improvement to property benefited thereby.

"Did the failure of the defendant to insert and include the estimate of the engineers of the cost of construction in the notice to bidders render the whole proceedings null and void?"

Prior to advertising for bids the plans and specifications and engineers' estimate of cost were filed with the city clerk and approved by the council. The advertisement for bids stated that the plans and specifications might be seen at the office of the city clerk of Alma, the office of the county clerk of Harlan county at Alma, and the office of the state department of public works at Lincoln, but did not state the amount of the engineers' estimate, as required by chapter 51, Laws 1925. The amount of the bid and the total cost of the construction was less than the engineers' estimate. The failure in the notice to state the amount of the engineers' estimate was a matter disclosed by the notice as published, to be observed by all who might be interested. The contract for construction work was let under the notice for an amount less than the estimated cost, and has been fully performed. The plaintiff and intervener had notice that the work was being prosecuted. There is no contention that the cost exceeded the fair and reasonable value of the improvements. Notice of the meeting for assessment and equalization was duly given. From the record it appears that the board had jurisdiction to make the improvements. The mere irregularity in failing to state the amount of the engineers' estimate, under the circumstances, ought not to be held to vitiate the entire proceedings in this, a collateral attack.

The fourth and last proposition of law presented by the appellants in their brief submits the question that, if the proceedings are erroneous, are the appellants estopped by an act or ommission on their part from urging such irregularity?

We conclude that this question must be answered in the affirmative. The rule announced in *Meyer v. City of Alma,* 117 Neb. 511, and *Kister v. City of Hastings,* 108 Neb. 476, must be followed. The litigation in the instant case appears to have arisen out of the same improvement work involved in the case of *Meyer v. City of Alma, supra.* Every element of estoppel that existed in that case is present in the case at bar. It follows that the decree appealed from is right, and it is

AFFIRMED.