SARAH BAKER ET AL., APPELLEES, v. JAMES C. DAHLMAN ET AL., APPELLANTS.

FILED FEBRUARY 21, 1930.   No. 26990.

*John F. Moriarty, Thomas J. O'Brien* and *B. J. Boyle*, for appellants.

*A. H. Murdock* and *J. P. Breen, contra.*

Heard before GOSS, C. J., GOOD, THOMPSON, EBERLY and DAY, JJ., and FOSTER and SHEPHERD, District Judges.

SHEPHERD, District Judge.

The instant case involves the resurfacing of a number of contiguous and intersecting streets in Omaha, quite a large district in the residence portion of the city. The city council proceeded under section 3571, Comp. St. 1922, which provides for the surfacing of a street or part of a street without obtaining a petition from the adjoining property owners, and charged the cost to the abutting property. The plaintiffs (appellees here) brought suit to enjoin the collection of the special assessments and to cancel the same. Upon trial the district court entered a decree in favor of the plaintiffs, finding that the work had been done without authority of law, ordering the cancelation of the said assessments, and enjoining the defendants (appellants here) from attempting to collect the same.

The decision of the district court went upon the theory that, since the project was to resurface a number of streets, rather than a single street, or part of a street, it became necessary to secure a petition signed by a majority of the front foot owners adjoining, before the work could proceed. If it be determined that the trial court was right in that particular, such determination will dispose of eight of the nine assignments of error relied upon by the appellants, as assignments to that number are grouped around and upon this specific point.

The Omaha charter, chapter 40, Comp. St. 1922, provides in sections 3555 and 3556 that the council may improve main thoroughfares leading out of the city and city streets generally within a mile and a half of the city hall without

petition, and it declares in section 3557 that, except as otherwise provided, the council shall not order any street improvements or cause the same to be made. It is conceded in the record that neither of these exceptions cover the case at bar.

Immediately following in the act is section 3558 in these words: "The city council may, upon a petition of the record owners of a majority of the frontage of taxable property upon the streets or parts of streets within a district created for that purpose, order any street or any number of consecutive streets which extend in the same general direction, together with the parts of streets, alleys and ways either intersecting or connecting therewith, improved within reasonable, appropriate or necessary limits, in one proceeding and in one improvement district by causing the same in whole or in part to be paved, repaved, curbed or recurbed or the grades changed or graded, or the paving surfaced, resurfaced or relaid, or any combination of such work to be done, including as well the change of grade and grading, or either or both, on any of the streets or ways within such district." Obviously this is the general section authorizing street improvement in the metropolitan city.

But there is a third exception, the one depended upon by appellants in this case, a permission to the council to resurface without petition therefor if no protest is made within thirty days after publication of official resolution to that end. This permission is to be found in the section of the statutes first above mentioned (section 3571), also a part of the Omaha charter. It reads as follows: "Whenever it is desired to surface or renew the surface, to change the character of the existing pavement or the surface thereof upon a street or part thereof, the city council may by proper resolution for that purpose propose such improvement, stating the specific character of the improvement thus to be made." And a second paragraph of the section sets forth the particulars of the notice and prescribes the method of assessing the cost to the property adjoining.

The question is whether this third exception, limited as

by its terms appears, may be extended to the resurfacing of a number of streets in combination under one proceeding, or whether it is limited to the one street, or part of one street, which the language of the act naturally indicates. Certainly the rule of strict construction commonly employed when charges are imposed upon the property of the citizen inclines the reader to the latter view. And the rule of construction which gives to well known words their common and ordinary meaning supports that view.

We think the council assumed a power not conferred upon it by the statute in attempting the resurfacing of a district made up of a number of consecutive and intersecting streets under section 3571 and without a petition of the property owners. And an improvement without power cannot be made the basis of a special assessment against the property of the citizen.

Said section 3558 prescribes the steps by which the city council may proceed with paving, resurfacing and street improvements generally. It is quite evident, considering the two sections in connection with the other parts of the act, that it was intended that street improvements should not as a general thing be made a charge upon adjoining property, without petition, and that section 3571 is an exception to the rule. Section 3558 provides for the paving of one or many streets in one proceeding, and for the surfacing or resurfacing of one or many streets in one proceeding, using language that leaves no doubt of what was in the legislative mind; and if it had been intended by section 3571 to permit resurfacing to an unlimited degree without petition the legislature would have said so in words that would have been certain.

More or less frequently in a large city a particular street, or part of a street, is bound to need resurfacing or even repaving because of heavy traffic or some particular development in city growth; and speedy action becomes highly desirable. There can be little doubt that the legislature had this need in mind when it enacted section 3571 to follow section 3558 in the Omaha charter; and it is equally prob-

able that in so doing it meant to confine the power conferred upon the council to the narrow limits of a single street, so that while the need was met the adjoining owner might remain secure from imposition. Interpreting section 3571 in this way, the two statutes admirably take care of whatever situation may arise.

It is plain that in a limited district, not greater than a street, it would be comparatively easy to make the protest necessary to stop an improper proceeding originating in the council, while in a large district, composed of many streets and cross streets, it would be correspondingly difficult. In the large district it would be very hard indeed to obtain a protest of 40 per cent. of the property owners in the short space of 30 days. It is significant that in the large district the requirement of petition protects the citizen, while in one small district the provision for protest answers the same purpose.

It is not to be forgotten that section 3571 empowers the city council to change the character of the existing pavement as well as to resurface. The extension of area from the single street to a number of streets by judicial interpretation would give the council a power that was never intended by the legislature, a power that might be used to the point of confiscation.

It is true that in one or two of the states it has been held that legislative permission to improve a street gives warrant to improve a number of connected streets, but not, we think, in any case in which the statutory provisions are similar to those of Nebraska. In the Illinois case cited, *Wilbur v. City of Springfield*, 123 Ill. 395, the question was rather whether a number of streets could be connected under one proceeding for improvement where the work on the several streets was somewhat different as to character and amount. And it was there held that, where the work did not differ to such degree as to make it entirely out of the question to fairly apportion the cost, the difficulty of the situation would not be allowed to invalidate the work done. In addition to this, the law under which the im-

provement proceeded provided in substance that the council might proceed to improve "any of the streets of the city," a descriptive phrase different from that in question in this case, and one that might more easily be construed to mean any number of the city's streets. The South. Dakota case, *Wood v. City of Hurley,* 29 S. Dak. 269, is somewhat in point, though it applies to sidewalks. But, in view of the statutory provisions here involved, it can hardly be an authority in the instant case. The other cases cited in the briefs of the appellants have been examined with care and found inapplicable. To discuss them seems unnecessary.

In the case of *Brown Real Estate Co. v. Lancaster County,* 108 Neb. 514, the court held that a provision of law for the paving of "any road, highway or .boulevard" authorized the inclusion of parts of a number of country roads in a drive or .boulevard to state institutions close to the city of Lincoln, saying that, if a neighborhood is better accommodated by an improvement in the form of a circle than (by a straight line, the law did not forbid it. But it indicated in the same case that such a rule would not apply to paving in cities, and stated that it had been held that separate streets in cities cannot be included in a single improvement.

So, indeed, the court had decided in *Hutchinson v. City of Omaha,* 52 Neb. 345, in which the legislative provision was that the council was given power to open and improve any street, avenue or alley within the limits of the city. The court held in its opinion that the grant of power was to grade "any street" and that there was no express authority to join several streets in a single improvement. Owing to the nature of the controversy in the case at bar, the following language from the opinion is peculiarly apropos:

"Recurring to the charter, we find the grant of power is to. grade 'any street.' This is followed by express permission to grade a part of the street. There is no express authority to join several streets in a single improvement and to charge upon the owners of land abutting upon one the expense of grading another. Nor do we think that we

have any right to imply such authority from the language of the charter. That such a measure would in some instances be more economical and of actual advantage to property owners is wholly aside from the question. That was a matter for the legislature to determine, and such a power cannot be sustained by the courts, merely from motives of expediency, in the absence of legislative authority."

The rule of strict construction in matters of this kind obtains in this state. In a comparatively late case the court said: "The power delegated to a city to construct local improvements and levy special assessments for the payment thereof is to be strictly construed against the city, and every, reasonable doubt as to the extent or limitation of said power is resolved against the city." *Futscher v. Rulo,* 107 Neb. 521. In the *Hutchinson* case, *supra,* there is a similar expression: "It is no less familiar that statutes authorizing the exercise of such power are to be strictly construed."

A final assignment remains to be considered, the assignment that the finding of the district court that the action was brought by the plaintiffs for themselves and all other property owners similarly situated is contrary to law. The petition filed in the district court recites that the matter involved herein is a matter of common interest to the plaintiffs and to all other persons similarly situated and owning property in the district, and that plaintiffs bring their action in behalf of themselves and all other property owners similarly situated within that part of the city of Omaha included in said district. The situation is such as to permit a proceeding of this nature by one or more persons in behalf of many, and the pleading is sufficient to that end. No objection or protest seems to have been made to the case as a case in behalf of all persons in the district, and the trial seems to have proceeded upon that theory. We think that the trial court made no mistake in its finding.

From the conclusions arrived at, it follows that the judgment of the district court is

AFFIRMED.

DAY, J., dissents.