SIDNEY JAMES CULLINGHAM ET AL., APPELLEES, V. CITY OF
OMAHA ET AL., APPELLANTS.

10 N. W. (2d) 615

FILED AUGUST 6, 1943. No. 31579.

*Harold C. Linahan, W. W. Wenstrand, G. H. Seig* and
*Edward Sklenicka,* for appellants.

*Louis J. TePoel* and *Barton H. Kuhns, contra.*

*James C. Kinsler* and *Wear, Boland & Nye, amici curiæ.*

Heard before SIMMONS, C. J., PAINE, YEAGER and CHAP-
PELL, JJ., and TEWELL and LIGHTNER, District Judges.

YEAGER, J.

This is an action by Sidney J. Cullingham and Barton H.
Kuhns, executors and trustees of the estate of Alice C. How-
ell, deceased, and others, plaintiffs and appellees, against
the city of Omaha, Nebraska, and Otto J. Bauman, City
Treasurer of the city of Omaha, defendants and appellants,
to have title quieted in the respective plaintiffs to real es-

tate owned by them in the city of Omaha, Douglas county, Nebraska.

It is the claim of plaintiffs that the defendant, city of Omaha, by ordinance, levied a special assessment for repaving a part of Twenty-fourth street and for readjusting and replacing defective curbing thereon against the real estate of the plaintiffs which special assessment was illegal and invalid, that the special assessment constitutes a cloud upon the title of the real estate, and that they have a right to have title quieted against the assessment and the cloud removed.

A trial was had to the court and a decree was rendered quieting title as prayed by plaintiffs. From this decree defendants have appealed.

The factual situation out of which the action arose was about as follows: The city of Omaha on July 12, 1938, passed and adopted an ordinance creating a street improvement district in the city within one and one-half miles from the block on which the city hall is located. The location of the district was on Twenty-fourth street. Provision was made in the ordinance for repaving, readjusting and replacing old and defective curbing. The boundaries of the district were defined as the outer boundary of the lots described in the ordinance. The properties of plaintiffs were within the district described. Estimates of the cost of the improvement were made and thereafter the city asked for bids. The request for bids was alternative in that bids were asked on the basis of construction with Work Projects Administration (W.P.A.) participation and without such participation. The alternative bid of the contracting company to which the contract was let was for paving with Asphaltic Concrete B, $2.43 per square yard with W.P.A. participation, or $2.63 per square yard without W.P.A. participation. The contract as let was for $2.43 per yard with W.P.A. participation.

During the progress of work under the contract, W.P.A. failed to furnish certain classes of workmen. Upon receiving this information the city engineer directed the contrac-

tor to secure workmen of this class. The contractor did so and therefor made and submitted to the city a payroll. It would appear from the bill of exceptions that the city paid on account of the service of these special classes of workmen the sum of $487.67. The total of the vouchers is $544.97, but included are items for material in the amount of $33.29 and an item denoted profit of $24.01.

On January 6, 1942, the city council of the city of Omaha passed and adopted a special levy ordinance purporting to levy a special assessment, the purpose of which was to defray the expense of the improvement in question here. The ordinance is not a part of the record, but by the pleadings it becomes clear that the special assessment was against all of the property included in the district and that the expense to be defrayed by the special assessment was money paid out under the contract above referred to as well as the cost of service of the special classes of workmen not furnished by W.P.A. but who were employed outside of the contract.

It is the contention of the appellee that the city was without power to levy a special assessent for the work paid for outside the contract for the improvement and that by reason of its inclusion in the special assessment such assessment in its entirety is illegal and void. This is the sole question presented for review.

In the petition it was also pleaded that the special assessment was void because of the fact that the special improvement district was formed without petition of the property owners in the district. On this proposition the trial court held against the plaintiffs and no cross-appeal was taken therefrom, hence that question is not presented on this appeal.

The appellee contends that the special assessment is illegal and void for the reason that the city failed to comply with the statutory requirements necessary to confer upon it jurisdiction to levy a special assessment to defray the cost of the street improvement in question. In particular it is contended that as a condition precedent to jurisdiction to levy such special assessment the improvement must have

been done and performed under contract with the lowest responsible bidder in compliance with section 14-331 Comp. St. 1929, the pertinent part of which is as follows: "The improvements herein referred to shall be done under contract with the lowest responsible bidder and with the material designated in the manner hereinbefore provided. All bids shall be received and opened at the same time and at a regular meeting of the city council. The city council may reject any and all bids."

In interpretation and application of this and similar statutes this court has consistently held that if a city attempts to levy a special assessment without a compliance with all conditions essential to a valid exercise of the taxing power, the taxes so levied are void. In *Harmon v. City of Omaha,* 53 Neb. 164, 73 N. W. 671, the rule is well stated and the earlier cases collected. The rule has been adhered to in the following later cases: *Rooney v. City of South Sioux City,* 111 Neb. 1, 195 N. W. 474; *Carr v. Fenstermacher,* 119 Neb. 172, 228 N. W. 114; *Interstate Power Co. v. City of Ainsworth,* 125 Neb. 419, 250 N. W. 649; *City of McCook v. Red Willow County,* 133 Neb. 380, 275 N. W. 396.

A further rule of law in this connection is that: "Where special assessments against property to pay costs of paving are void, knowledge of the proceedings and of the construction of the improvement will not estop the owner from avoiding liability therefor, and they cannot be enforced solely on the ground of the benefits of the improvements to the owners of abutting lots or lands." *City of McCook v. Red Willow County, supra.* This is a departure from some apparent aspects of the earlier rule as stated in *Morris v. Merrell,* 44 Neb. 423, 62 N. W. 865; *Harmon v. City of Omaha, supra,* and other cases, as follows: "A party who is not guilty of laches may invoke the aid of a court of equity to restrain the collection of a void tax or assessment." It will be noted that by the earlier rule laches might be a defense to an action in equity to restrain the collection of a void tax or assessment whereas by the later rule it may not.

We think the later statement of the rule is the correct one. Delay of effort to protect against a void tax or assessment cannot have the effect of making vital and valid that which had no vitality or validity from the beginning.

Within the meaning of the law then was the special assessment void?

For the purposes of this case we may assume, but we do not so decide, that the contract let for this improvement was proper and regular and that if the improvement had been made in conformity with the contract the special assessment to defray the expense would have been proper and valid. The improvement, however, was not made in strict conformity with the contract. Special classes of workmen were employed for which the city paid. This was added to the contract and the special assessment was made for the purpose of satisfying the obligation of the contract and, in addition thereto, the amount paid out for the special classes of workmen. In other words, the special assessment specifically covered items of payment made outside of and in addition to the amount required to be paid under the contract.

If the assessment is void, on the record presented, it is because of the inclusion of the amount paid outside the contract.

As pointed out, the statute (Comp. St. 1929, sec. 14-331) requires that improvements such as this shall be done under contract with the lowest responsible bidder. In the main, with this provision there was compliance, but to the extent pointed out there was a departure and to that extent a part of the work was performed outside and without any formal contract.

There can hardly be any question that the portion of the special assessment levied for the purpose of paying for the work done outside the contract is void. This was not done in compliance with statute. Clearly the statute contemplated that contracts for public improvements should be entire in character, that is that full responsibility for the performance of the contract for the contract price should

rest upon the contractor. It does not contemplate a discretion to modify or depart therefrom by the municipality and consequent payment on the basis of modification or departure in violation of the terms of the contract and statute.

The power of a municipality to contract for public improvements and to levy special assessments to defray the expense is statutory and such powers must be strictly construed.

In *Hutchinson v. City of Omaha,* 52 Neb. 345, 72 N. W. 218, the court said: "It is familiar law that in order to sustain an assessment of this character the record must show affirmatively a compliance with all the conditions essential to the valid exercise of the taxing power."

In *Futscher v. City of Rulo,* 107 Neb. 521, 186 N. W. 536, it was stated: "The power delegated to a city to construct local improvements and levy special assessments for the payment thereof is to be strictly construed against the city, and every reasonable doubt as to the extent or limitation of such power is resolved against the city." The same holding was made in slightly different wording in *Baker v. Dahlman,* 119 Neb. 425, 229 N. W. 280. Of like effect are *Garver v. City of Humboldt,* 120 Neb. 132, 231 N. W. 699, and *Musser v. Village of Rushville,* 122 Neb. 128, 239 N. W. 642.

A compelling reason for this rule is well stated in *Wright v. Hoctor,* 95 Neb. 342, 145 N. W. 704, by quotation from *Malette v. City of Spokane,* 68 Wash. 578, 123 Pac. 1005, as follows: "Under such a system there would be no limit to the 'discretion' of the city officers, who to serve personal or political ends might burden the taxpayer beyond the point of endurance."

If we are to hold here that the city, in its discretion, had the power to go beyond the terms of this contract and authorize extras to the extent of a few hundred dollars, and levy a special assessment for payment thereof, could we say that it did not have the same power to the extent of many thousands of dollars?

The same principle applies to the situation here as would apply to the stated hypothesis.

The appellants assert that since appellees knew of the work being done on the paving project and took no steps to prevent it and failed to appear before the board of equalization and protest the assessment, they are estopped to enjoin collection of the assessments.

This contention cannot be sustained. The rule thus contended for is only applicable where there is a mere irregularity in the proceedings not affecting the jurisdiction of the city to act in the premises leading up to the letting of the contract or in its performance. Where the irregularity is of such character as to defeat the jurisdiction of the city to act in the premises estoppel can have no application. *Kister v. City of Hastings,* 108 Neb. 476, 187 N. W. 909; *Wookey v. City of Alma,* 118 Neb. 158, 223 N. W. 953; *Bamrick v. Village of Minatare,* 118 Neb. 644, 225 N. W. 755.

It is suggested by appellant that even if it be found that the special assessment as to the amount representing the pay to the special classes of workmen is void the assessment to the extent of the contract should not be held void since, on the theory on which the case was decided, a special assessment to defray the expense of the improvement under the contract was not found to be improper.

Because of the condition of the record we are without opportunity to pass upon this question. One cogent reason for the lack of opportunity to pass upon this question is that it cannot be ascertained from the record what portion of the special assessment is attributable to the contract obligation and what portion to the amount paid for work outside the contract. The record contains neither the special assessment ordinance nor the record of the action of the board of equalization and it does not otherwise show the entire amount to be raised by special assessment. It discloses only the description of the properties of plaintiffs and the amounts assessed thereto without showing whether or not these are all of the properties in the district. Addition of these amounts would indicate either that there were other properties or that the special assessment was for much less than the cost of the improvement.

In either event this condition of the record prevents a severance of the definitely illegal and void portion of the assessment and an apportionment of the reduction to the various properties in the district. This leaves no alternative but a holding that the matter should be remanded to the district court for the making of a proper and complete record in order to have the question of the legality of that portion of the special assessment levied for the payment of the contract obligation litigated and determined.

It is contended by appellant that since the amount paid on account of the contract and for the special classes of workmen was less than would have been required under a contract based upon the proposal for the improvement without W.P.A. participation, the assessment should not be declared invalid. We fail to see any legal merit in this contention. We must consider here the rights and liabilities of the parties in the light of the law and the contract entered into and not in the light of the prospects growing out of an empty proposal. Authorities do not support this contention of the appellants.

It is further suggested that the city has the power to itself make improvements such as this, and that as an incident of that right it had the power to do in part that which it could do in entirety. Whether or not the city has such power we do not determine, but the fact is that here the city sought to perform in part that which it had contracted with another to perform. The Nebraska case (*Best v. City of Omaha*, 138 Neb. 325, 293 N. W. 116) cited by appellant as authority for the city to itself construct public improvements is not in point on the proposition. The holding there is that a part of the work submitted in the proposal for bids may be withdrawn after bids have been opened and before the contract is let.

We therefore hold that the portion of the special assessment representing the payment for extra work and service over and above the contract price is void and to that extent the decree of the district court is affirmed. For the purpose of determining the legality of the remainder of the

special assessment the cause is reversed and remanded.

AFFIRMED IN PART AND REVERSED IN PART.

The following opinion on motion for rehearing was filed December 10, 1943:

YEAGER, J.

On examination of the motion for rehearing it appears that we made some inadvertent statements in our opinion appearing, *ante,* p. 744, 10 N. W. (2d) 615, which ought to be corrected. The corrections do not change the result but they do have the effect of clarifying the statement leading to the result.

The first correction is with regard to the seventh paragraph of the opinion. The following is substituted for this paragraph: "The appellees contend among other contentions that the city was without power to levy a special assessment for the work paid for outside the contract for the improvement and that by reason of its inclusion in the special assessment such assessment in its entirety is illegal and void."

The second correction is with regard to paragraph 14. This paragraph is amended to read as follows: "For the purposes of this case we assume but we do not decide that legal preliminaries and formalities leading up to the letting of the contract were proper and regular since the appellees made no effort in this court to show that the contrary was true and appear to have abandoned their theory in that connection in the district court. The attack was upon the contract, it being contended that the contract failed to embrace all of the elements for the completion of a contract for public improvements, in that labor was provided outside the contract, and in addition special classes of workmen were employed for which the city paid. This was added to the contract price and the special assessment was made for the purpose of satisfying the obligation of the contract and, in addition thereto, the amount paid for the special classes of workmen. In other words, the special

assessment specifically covered items of payment made outside of and in addition to the amount required to be paid under the contract."

The third and last amendment is with regard to paragraph 31. It is amended to read as follows: "We therefore hold that the portion of the special assessment representing payment for work and service outside the contract is void and to that extent the decree of the district court is affirmed. Otherwise the cause is reversed and remanded for further proceedings in accord with this opinion, that is, for the purpose of apportioning and allocating to the properties involved in this action, on a proper and sufficient record their portion of the special assessment held herein to be valid."

In all other respects the opinion is adhered to and the motion for rehearing is denied.