LESLIE G. HURD ET AL., APPELLEES, v. SANITARY SEWER DISTRICT ET AL., APPELLANTS.

FILED DECEMBER 8, 1922. No. 22532.

1. **Municipal Corporations: Sewers: Special Assessments.** The erection of a sewage disposal plant is a general improvement the cost of which cannot be levied upon real estate by special assessment for benefits.

2. ———: ———: **Taxation.** The cost of main sewers in excess of special benefits can only be paid for by means of general taxation.

3. **Taxation.** All taxes for general purposes must be levied by valuation uniformly and proportionately.

4. **Municipal Corporations: Sewers: Special Assessments.** Special assessments for construction of sewers should be confined to abutting property.

5. ———: ———: ———: **Incidental Costs.** Incidental costs of the improvement may be included in the assessment, as well as interest upon the amount due.

APPEAL from the district court for Clay county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*H. G. Wellensiek, F. E. Edgerton* and *F. C. Foster,* for appellants.

*Harry S. Dungan, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and FLANSBURG, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Proceedings were instituted by the mayor and city council of the city of Harvard under the provisions of chapter 189, Laws 1919 (Comp. St. 1922, secs. 4337-4350), for the purpose of providing a sanitary sewer system for such city; the system has been constructed, and the present proceeding involves the validity of the special assessments levied to pay for the same.

There being no natural outlet for sewage, it was necessary to provide a disposal plant; the project, therefore, involved the construction of main sewers, district and laterals, and a disposal plant. The cost of main sewers and disposal plant was $32,150.08, and of the laterals $31,631.99. For the purpose of this project the city as a whole was designated as sewer district No. 1, consisting of substantially all of the real estate within its boundaries. The method pursued in laying the assessments was as follows:

(1) To pay for the laterals, all real estate abutting thereon and which could directly connect therewith was assessed according to foot frontage, but business lots were assessed twice as much as residence lots, or in that proportion; also, many of the lots of plaintiffs were assessed which did not abut upon the sewer, but were in such proximity to it that connection could be made by a circuitous route; lots abutting on mains were assessed the same as those on laterals.

(2) To pay for the mains and disposal plant, all the real estate in the city limits was assessed according to

superficial area., As a .result of this method .nearly all the lots were specially assessed both for mains and laterals and disposal plant; for example, lot 193, located only on a lateral, was assessed $16.08 for mains and $41.63 for lateral.

Appeal was taken by plaintiffs, appellees, from the proceedings of the mayor and council, to the district court, which rendered judgment setting aside the assessments, and the city appeals. The assessments are attacked for numerous reasons, among which are:

(1) That the act in question is unconstitutional because its subject is not clearly expressed in its title; (2) that the body of the act is broader than its title; (3) that the main sewer and disposal plant is a general as distinguished from a local improvement, and its cost cannot be assessed by any scheme of special assessment, but that it is a general benefit to all property in the city and must be recovered by taxation on the basis of valuation.

The title of the act is: "An act relating to sewer districts in cities of the second class and villages and to repeal sections 5162 and 5163 of the Revised Statutes of Nebraska, 1913." The subject of this act manifestly is "sewer districts in cities of the second class." This necessarily contemplated all provisions appropriate to the general subject. As was said by Day, J., in *State v. Amsberry*, 104 Neb. 279, 287: "The constitutional limitation, that no bill shall contain more than one subject, which shall be clearly expressed in the title, does not require an enumeration in the title of all the different matters germane to that subject which must necessarily be covered in the body of the act. The title of the act is not intended to serve as an index to the contents, but only as an indication of the general object sought, and it is implied that matters incidental to that object will necessarily be covered."

"The object may be very comprehensive and still be without objection. * * * All that can reasonably

be required is that the title shall not be made to cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection." *People v. State Ins. Co.,* 19 Mich. 392.   See, also, *State v. Cox,* 105 Neb. 75, and cases cited at page 82.

The title is sufficient.

That the act is broader than its title: This objection would be rather difficult to establish, and appellee has failed in that regard. Briefly, the act covers the formation of sewer districts, contracts for sewer construction, the levy of special assessments to pay therefor, notice, the issue of bonds based on such assessments, the payment of any excess out of the general fund, etc.   Certainly, all these matters "relate to sewer districts" and are within the title.   Our attention has not been called to any provision, and we find none, which is beyond the scope of the general subject revealed by the title.

This objection presents a more serious question. Section 1 of the act seems to contemplate the assessment of the entire cost of the project, including the cost of main sewers and disposal plant, as a special assessment according to benefits.   And section 12 provides: "Any property benefited and to the extent of the benefits so conferred, may be assessed as hereinbefore provided, for the cost of building or reconstruction of outlet or main sewer systems, or for the cost of building or reconstruction of sewage disposal plants, * * * payable in equal annual instalments throughout a period not exceeding twenty years."   Under the Constitution of this state taxes are divided into two classes—general and special. General taxes are required to be levied "by valuation uniformly and proportionately" (art. VIII, sec. 1); and special taxes by special assessment upon property benefited (art. VIII, sec. 6), having special reference to local improvements by cities.   Special assessments can only be levied upon property specially benefited, and only to the extent of such benefit.   They may not be based upon

a general benefit which results from a public improvement; such benefit is a proper basis for general, but not special, taxation. "The distinction in principle underlying the levy of a general tax and the levy of special assessments is lost sight of when the improvement proposed is of such a character and of such general benefit to the entire city that all the property in the city must be included within a single taxation district so as to make it possible that the special assessment may be made." Flansburg, J., in *Futscher v. City of Rulo,* 107 Neb. 521:

The main sewers and disposal plant in question are general improvements conferring general benefits upon all property in the city—the disposal plant because it benefits all property in the city alike; the main sewers, for the same reason, to the extent that they serve the public generally as distinguished from the special service to abutting owners. "A local improvement, within the meaning of the statute, is a public improvement which, by reason of its being confined to a locality, enhances the value of adjacent property, as distinguished from benefits diffused by it through the municipality." *City of Chicago v. Blair,* 149 Ill. 310. A valuable discussion of the difference between general and local improvements will be found in *City of Waukegan v. DeWolf,* 258 Ill. 374.

We are constrained to hold that, in so far as the act in question attempts to authorize the levy of special assessments for the cost of the disposal plant, and for main sewers beyond the special benefits which may be thereby conferred, it contravenes the provision of the Constitution with reference to special assessments, and is void. *Norwood v. Baker,* 172 U. S. 269; *Futscher v. City of Rulo, supra.* This holding does not affect other portions of the act. Ample power to construct sewers is conferred by this and other sections of the statutes governing cities of the second class; but the cost thereof, beyond the special benefits conferred, must be raised by

general taxes upon all the taxable property of the city, real and personal, on the basis of valuation. Comp. St. 1922, sec. 4351.

A great many other questions are presented by the briefs, both of which are unnecessarily voluminous, discussing at great length questions long settled in this state. Some of them require notice, in view of subsequent proceedings by the city to pay for the improvement. (1) While it appears that the city attempted to make assessments according to benefits, there was no finding by the board that the several lots were benefited to the extent of the assessment. This is necessary. *Morse v. City of Omaha,* 67 Neb. 426. And if the footfrontage rule is adopted there should be a finding that the benefits are equal and uniform. (2) We see no good reason for assessing a business lot twice as much as a residence lot. The true basis is the use which *may* be made of the improvement, not that which for the moment exists, for the use is subject to change. The logic of the rule adopted in this assessment would exempt a vacant lot entirely; and, if on the residence lot there were an apartment house with 20 connections to the sewer, the *use* might be many times as great as that of a business lot. Furthermore, business buildings are not always continuous, and the rule adopted might result in adjoining lots of same frontage being assessed in the ratio of two to one. (3) The assessments for laterals have been extended beyond the limits of the improvement. We think a sewer assessment should be confined to lots abutting upon the improvement. See *Shannon v. City of Omaha,* 73 Neb. 507; *Bickerdike v. Chicago,* 185 Ill. 280. When extensions of the sewer are made will be time enough to charge the property thereby benefited. "The improvement district is the foundation of all other proceedings"; and no taxes can be levied outside the district. *McCaffrey v. City of Omaha,* 91 Neb. 184. The authority to "state the outside boundaries of the district in which it is proposed to assess" con-

ferred by section 1, ch. 189, Laws 1919, did not justify enlarging the taxing district beyond the limits of the improvement.

From the above considerations it will be proper for the city to make new levies in accordance with the views herein expressed, by special assessment of property benefited, but not in excess of benefits, and by general levy of any excess of cost upon the basis of valuation, to pay principal and interest of bonds which may be issued by the city according to law to cover such excess or such part, as may be needed; the incidental costs connected with the making of the improvement may be included; also, interest to the date of the assessment. *Butler v. Toledo*, 5 Ohio St. 225.

The assessments were illegal and were properly set aside. Judgment

AFFIRMED.