HELEN E. SALSBURY ET AL., APPELLANTS, V. CITY OF LINCOLN ET AL., APPELLEES.

FILED JULY 10, 1928. No. 26277.

*Allen & Requartte* and *W. M. Elmen,* for appellants.

*C. Petrus Peterson, Charles R. Wilke* and *R. A. Boehmer,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ., and CHASE and REDICK, District Judges.

CHASE, District Judge.

This is a suit in equity to restrain the city of Lincoln and its city commissioners from entering into a contract for the paving of the streets in paving district No. 765 in said city. To the petition a general demurrer was inter-

posed which was sustained by the trial court, whereupon the plaintiff elected to stand on the petition and the court entered judgment dismissing the suit. The action of the trial court therein is now presented in this court for review.

The record is brief, consisting only of the petition, demurrer and judgment. The petition is very lengthy, consisting of fifteen paragraphs, also consisting of exhibit A, being the ordinance declaring for the paving of said district; exhibit B, being a plat of the streets and highways upon which said proposed paving is to be laid; exhibit C, the plaintiff's objections before the city council to the letting of said contract; exhibit C-1, being the plaintiffs' protest filed with the city council against the creation of said paving district; exhibit D, being a petition to eliminate from said paving district the property owned by the plaintiffs; and exhibit E, being the resolution of the city council ordering said district paved.

From a careful reading of the petition and exhibits we reach the conclusion that the consideration of three propositions involved will successfully dispose of the entire case: *First*, the question as to which shall prevail where there is an inconsistency—the home rule charter of the city of Lincoln, or the legislative charter which existed prior to the adoption of the home rule charter. *Second*, as to whether or not courts can and will inquire into the legislative expediency and discretion of a city council acting within its authority as to matters of municipal legislation. *Third*, the effect of a general demurrer as to the admission of facts and conclusions appearing in the petition and the exhibits annexed thereto.

By this suit the plaintiffs seek by injunction to prevent the city council of Lincoln from establishing paving district No. 765 within the corporate limits of said city, and the paving of the streets within said districts. The record admits that the city of Lincoln is a city coming within the provisions of section 2, art. XI of the Constitution, which gives authority to cities of over 5,000 inhabitants to

frame a charter for its own government consistent with and subject to the Constitution and laws of the state of Nebraska. This section of the Constitution in express terms provides that, when a city charter is adopted under its provisions, it shall then become the charter of the city adopting the same for the regulation and government thereof "and supersede any existing charter and all amendments thereof." This provision of the Constitution is self-executing. It is apparent that the framers thereof intended that a city having the required population could, independent of any legislative action, draft and adopt a charter under this provision, and when once adopted according to its provisions such charter shall be the law for the general regulation and control of all of its local municipal affairs. The plaintiffs contend that the general statutes of the state require city councils in establishing paving districts to include only intersecting streets, while the charter of the city of Lincoln, subsequently adopted under section 2, art. XI of the Constitution, permits the municipal authorities to include two or more connecting or intersecting streets; that in the creation of the paving district herein complained of there are no intersecting streets, and that the action of the city council is without authority because of that fact.

The rule adopted by this court concerning an inconsistency between legislative enactment and municipal charters is too well established to justify longer discussion. "The purpose of the constitutional provision (Const., sec. 2, art. XI) is to render cities independent of state legislation as to all subjects which are of strictly municipal concern; therefore, as to such matters general laws applicable to cities yield to the charter." *Consumers Coal Co. v. City of Lincoln,* 109 Neb. 51. See, also, *Sandell v. City of Omaha,* 115 Neb. 861; *Schroeder v. Zehrung,* 108 Neb. 573.

The plaintiffs based their right for injunctive relief upon the passage of an ordinance creating a paving district and the proposal on the part of the city council to enter into a contract for the paving of the streets and highways

within said district. The matter of improving the streets, alleys and highways within the corporate limits of a municipality is one strictly of municipal concern and the municipal authorities in regard to such improvement are only required to act in conformity with the provisions of the charter under which such city has its legal existence, and under the charter of the city of Lincoln its municipal officers are authorized to pave and improve connecting streets as well as intersecting streets.

The plaintiffs contend further that the city council has included property in said paving district as a mere subterfuge to force paving upon the plaintiffs and that to do so will have the effect of confiscating the property of the plaintiffs and force upon them unwarranted burdens of taxation. It is a well-established doctrine that courts will not inquire into or endeavor to control the legislative discretion of city councils in establishing the boundaries of paving districts, nor will they inquire into the motives of legislative bodies, when acting within legal and constitutional limits, nor determine matters concerning the expediency or necessity for such legislation. The acts of legislative bodies, whether state or municipal, if performed within the prescribed limits, are not subject to revision or control by the courts on the ground of inexpediency, injustice or impropriety. Such are purely functions of legislative power. Neither will the courts take cognizance over matters involving the wisdom or necessity for the enactment of legislation. The legislative body may alone determine whether a certain piece of legislation is needed or advisable for the general government of the people from whom its power emanates. The concern of the courts is as to the limits of the power, and not the manner or method by which the power is sought to be exercised, if kept within the prescribed limits. Therefore, judicial inquiry is strictly one of power, and not of expediency. To do otherwise would amount to an unwarranted encroachment by the judicial branch of the government upon the powers of the

legislative branch and thus tend to destroy the necessary coordination existing between these two separate branches. The principle was adopted by this court in *Omaha & C. B. Street R. Co. v. City of Omaha*, 114 Neb. 483; *Enders v. Friday*, 78 Neb. 510; *Village of Bellevue v. Bellevue Imp. Co.*, 65 Neb. 52. This court in the quite recent case of *Whitla v. Connor*, 114 Neb. 526, adopted this general principle, wherein it held: "The action of the village board in ordering sidewalk placed, and providing that cost thereof shall be assessed upon the abutting lot, is a legislative determination that the improvement is expedient and proper, and that such property will be benefited by reason thereof, and such determination cannot be denied its effect in a judicial proceeding, in a case where it was within the board's power to so act. And one challenging its authority carries the burden of alleging and proving the invalidating facts." In the event that the proposed improvement would not benefit plaintiff's property or become an injury thereto, these are matters that can be properly considered by the assessing board in levying special assessments, and the plaintiffs have an adequate remedy at law by which to determine the justice of such assessments.

The plaintiffs contend further that the trial court was unwarranted in sustaining the demurrer for the reason that it is alleged in the petition that said district is not created according to law, and that it appears by exhibit C, which is attached to and made a part of the petition, that there is an allegation that the ordinance was not read, approved or passed as required by law; that no sufficient publication thereof had been made; that no sufficient petition for installation of said paving had been filed, and no sufficient advertisement for bids had been had; that the demurrer of defendants admits such above statements to be facts.

The position of the plaintiffs in this regard is untenable. A demurrer does not admit conclusions. The rule is that a general demurrer admits only facts, and then only such facts as are well pleaded. *Markey v. School District*, 58 Neb. 479. In the above case the plaintiffs sought to

recover under a contract with the school district for the sale of school supplies. By the petition it appears that the school district board was without authority to enter into said contract. The petition, in addition, alleged that said contract had been subsequently ratified by the voters without stating in fact as to how it had become ratified. The petition was assailed by general demurrer, and plaintiff contended that the demurrer admitted ratification of the contract. The court held that the allegations concerning ratification were a mere conclusion, and not admitted by demurrer.

Again, the court held, in the case of *State v. Ramsey*, 50 Neb. 166, that an allegation in the petition that "on the 12th day of June, 1896, these relators filed a supersedeas bond as required by law" was a mere conclusion, and not admitted by the demurrer. So, in the present case, the allegations concerning the passage and publication of the ordinance, the sufficiency of the petition, the advertisement for bids, all contained in exhibit C, are mere conclusions of the pleader, and not statements of fact, which are admitted by the demurrer.

The question argued, as to which will control where there is an inconsistency between the pleading itself and the exhibits thereto attached, is not necessary for determination because the statements in the exibits which create the inconsistency are mere conclusions and cannot be considered as facts out of which any inconsistency can arise, hence to discuss the question further would presuppose the existence of a fact which does not exist.

For the reasons heretofore stated, the judgment is

AFFIRMED.