L. J. GARVER ET AL., APPELLANTS, v. CITY OF HUMBOLDT, APPELLEE.

FILED JULY 9, 1930. No. 27081.

*F. A. Hebenstreit* and *J. E. Leyda*, for appellants.

*Fred C. Foster* and *C. F. Reavis, contra.*

Heard before GOSS, C. J., DEAN, THOMPSON, EBERLY and DAY, JJ., and CARTER and CHASE, District Judges.

CHASE, District Judge.

This is an appeal from the judgment of the trial court affirming the action of the city council of the city of Humboldt in levying special assessments against the property involved herein for the purpose of paying for street improvement. The plaintiffs challenge the power of the city council under its municipal charter to levy such assessments. The case was tried below upon the record made before the city council and the same record is presented to this court for review. For convenience we will herein refer to appellants as the plaintiffs, and to the city of Humboldt as defendant.

The facts, so far as they are material to the consideration of the case, are as follows: The city of Humboldt, Nebraska, is admitted by the parties to be a city of the second class, governed by a legislative charter applicable to such cities. It appears that the city council determined upon a plan of street improvement in said city under chapter 42, Laws 1927, and to that end on the 7th day of February, 1928, passed an ordinance creating by its terms "Street Improvement District No. 2." Said district includes all that portion of Central avenue from the south line of the alley south of Fifth street to the north line of Tenth street and Nemaha street from the north line of Fourth street to the north line of Tenth street. This ordinance declares said streets to be main thoroughfares that connect with and form a part of the state highway system of the state of Nebraska; that in addition to the above streets said ordinance includes that portion of Sixth street from the west line of Central avenue to the east line of Nemaha street. Central avenue and Nemaha street run north and south, and Sixth street runs east and west, and that portion described in the ordinance is but two blocks in length, which connect Central avenue and Nemaha street.

The plaintiffs are property owners who have property abutting on or adjacent to Central avenue. On January 1, 1929, the city council, sitting as a board of equalization, levied an assessment against the property of plaintiffs for the purpose of paying plaintiffs' proportionate share of the cost of such improvement. The plaintiffs, by appropriate objection, challenged the jurisdiction and power of the city council to sit as a board of equalization and levy such special assessment and to make any levy of taxes against their respective properties for the cost of such improvement. The record further discloses that a quarter of a mile north of the north boundary of the corporate limits of Humboldt, Nebraska, is located State Highway No. 4, running east and west, which has been improved and is a part of the state highway system of the state of Nebraska; that Central avenue, at the time of the improvement thereof, as indicated

by these proceedings, did not extend, as such, farther north than Tenth street, while the record does disclose that there was a narrow way or lane extending from Tenth street north to Highway No. 4, but was not used generally for travel prior to the city's improvement of Central avenue under these proceedings; and this lane was not in the corporate limits of the city of Humboldt and not one of the public thoroughfares of said city.

The question presented by the record involves an interpretation of chapter 42, Laws 1927, amending section 4283, Comp. St. 1922, as amended by chapter 138, Laws 1923.

It will be noted that chapter 42 seems to provide three different methods of procedure for street improvement in cities of the second class. Under the first method the property owners affected must, by petition, initiate the action of the council. Under the second method the council is empowered to initiate such action by ordinance creating an improvement district and shall give notice of the creation of such district by publication in a newspaper. It is apparent from the record that the city council did not comply with either of the first two methods provided by the legislature. Therefore, if the action of the council is to be supported by the charter it must be under the third method provided thereby. Under the third subdivision the council may initiate action by a three-fourths vote, without petition, by enacting an ordinance providing for the improvement of any main thoroughfare that connects with or forms a part of the state highway system. If the action of the council can be supported by the city charter as to the improvement of both Central avenue and Nemaha street its power must be derived from the procedure prescribed by the third method.

It will be necessary to interpret the meaning of the language used by the legislature as applicable to such a situation. The statute provides that the council, after taking the initiatory steps, may order the work done, or order the work to be done upon *"any main thoroughfare that connects with or forms a part of the state highway system."* It appears from the record of these proceedings that both

Nemaha street and Central avenue have been improved; that the property owners adjacent to and abutting upon Nemaha street filed no protest and prosecuted no error from the levy of special assessments by the city council for the payment of such improvement. To our mind the record presents but a single question for determination; which is, whether or not the legislature, by chapter 42, has conferred power upon municipalities to gravel and improve one of its streets unless such street connects with and forms a part of the state highway system. From the undisputed evidence disclosed by this record Central avenue, as a public thoroughfare of the city of Humboldt, did not extend to or connect with State Highway No. 4 at the time of the passage of the ordinance in question.

The defendant cites *Salsbury v. City of Lincoln,* 117 Neb. 465, but a careful reading of that case will clearly distinguish it from the instant one. In the *Salsbury* case the issue was whether or not the city council of the city of Lincoln had acted wisely and justly in the creation of a paving district, admitting that it had the power to create such district. The court held, having the power to create such district, courts would not inquire into the expediency or necessity for such action. It was expressly held that judicial inquiry will be directed as to power and not expediency. The precise question here for judicial determination is one of power, which was not the question involved in the *Salsbury* case. It is apparent from a reasonable interpretation of the language used that the legislature did not intend to clothe the city council with power to improve any thoroughfares of the city under this section, but only such thoroughfares as connect with and form a part of the state highway system.

Municipal corporations are purely entities of legislative creation. They do not exist independent of some action of the legislative department of government bringing them into being. All the powers which they can possess are derived from the creator. Unlike natural persons they can exercise no power except such as has been expressly delegated to them, or such as may be inferred from some ex-

press delegated power essential to give effect to that power. Therefore the question of judicial concern, as presented by this record, is not one of legislative function, but one of power under the charter which provides for the creation of a city of this class. The canons of construction applicable to municipal charters adopted by the courts generally are too well settled to make any lengthy argument necessary. Courts almost universally hold that legislative charters wherein cities are empowered to perform certain acts or functions are construed with a greater degree of strictness than ordinary civil statutes, and the rule in Nebraska is that they shall be strictly construed. Their authority to perform municipal acts will not be extended beyond the plain import of the language of the charter. From the facts disclosed by the record, which are undisputed, it is apparent that Central avenue did not connect with or form a part of the state highway system of the state of Nebraska prior to the passage of the ordinance in question and the city council for that reason did not have the power to improve this street under the provisions of chapter 42, Laws 1927, amending section 4283, Comp. St. 1922, as amended by chapter 138, Laws 1923, and a declaration by the city council by ordinance that this street is a part of the state highway system cannot operate to extend the charter.

For reasons herein stated, the judgment is reversed and the cause remanded.

REVERSED.