LOGAN C. MUSSER, APPELLEE, V. VILLAGE OF RUSHVILLE ET AL., APPELLANTS.

FILED DECEMBER 16, 1931. NO. 27868.

*Nichols & Johnson,* for appellants.

*A. C. Plantz, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER and RYAN, District Judges.

RAPER, District Judge.

This is an appeal by defendants from a judgment for plaintiff in an action by Logan C. Musser, plaintiff, against the Village of Rushville and the five individual trustees and the clerk of said village, defendants, enjoining the defendants from levying a special tax on certain lots of plaintiff for graveling streets in Rushville.

It appears from the pleadings and the evidence that on July 30, 1928, a petition signed by nine alleged resident owners of real estate abutting on and adjacent to Main street in the village of Rushville between Third and Fifth streets was filed with the village board, asking the board to create an improvement district on Main street between Third and Fifth streets, and to survey, grade and gravel said Main street, the cost thereof not to exceed 90 cents a front foot. On the same day and at the same meeting of the board, the village board passed an ordinance creating improvement district No. 11 (being ordinance No. 259) which district included that part of Main street from south line of Third street to south line of Fifth street, on which plaintiff's lots abutted. The ordinance provided that the roadways in said districts be graveled and improved, and further provided that plans and specifications and estimates of the cost of the work be secured and approved by the board of trustees, and following the completion of said engineering work, bids for the construction of the work should be "obtained by advertisement as by law required. Or the board of trustees may in their discretion do or cause to be done under their direction, or the direction of a competent engineer in their employ, all of the work necessary to be done without the calling for bids or letting of contracts;" and that the cost of the work be assessed against the real estate in said district according to benefits, but not to exceed 90 cents a front foot. This ordinance was published only one week in a weekly paper and no other notice was given as to creation of the district. No further steps were taken until May 26, 1930, when the board in regular session passed a resolution "that the chairman be authorized to enter into a contract with some one for furnishing and spreading of gravel on the five blocks of gravel that are covered by ordinances Nos. 259, 260, 270. The contractor to furnish bond in the amount of the contract to complete the contract." On July 9, 1930, without further action by the board, the chairman on behalf of the village entered into a written contract with a gravel company to

furnish and deliver for improvement district No. 11. The gravel furnished for district No. 11 amounted to $1,897.50. No advertisement for bids was made. The delivery of the gravel was completed on district No. 11 on July 17, 1930, and Mr. Curtis, the village clerk and the chairman, without any further action of the board, issued a warrant to the gravel company for $1,897.50 on July 19, 1930, and Mr. Curtis, who was also village treasurer, paid the warrant the same day. On this same day, without any action by the board, the clerk mailed to plaintiff postal cards, stating the amount of gravel taxes due on his lots and, if not paid by August 1, it would become a lien on his property and would be certified to the county treasurer. The amounts were computed at 82 cents a front foot on all the property, and the taxes not paid to the village treasurer by August 1 were certified to the county treasurer, except plaintiff's. This action was begun July 28, and a restraining order was granted that day.

Second street runs east and west through the village and was then graveled and is a part of a state and federal highway. The two blocks graveled on Main street run north and south. Second street is one block north of Third street, and Main street was then graveled from Second street to Third street. After the ordinance was passed and before the contract was entered into, the United States census disclosed that Rushville contained more than 1,000 population, but no proceedings had been taken to change from village to city organization. The village board held no meeting to equalize and levy the tax, and admitted that unless restrained, they would levy and certify the taxes for the improvement to the county treasurer. The district court found generally for plaintiff, that the improvement exceeded $500 in cost; that no estimate of expense by the village engineer was procured; that no advertisement for bids was made; and that the petition did not contain 60 per cent. of the resident owners of the abutting real estate in said district. Each of these special findings are supported by the evidence.

Section 17-432, Comp. St. 1929, grants power to cities of the second class and villages to improve, grade and gravel streets, but provides that none of the improvements shall be ordered unless by one of three procedures: First, by petition signed by 60 per cent. of resident owners of property directly abutting upon the street to be improved; second, whenever the governing body deems it necessary to make the improvement, it shall by ordinance create such paving or graveling district, and after the passing, approval and publication of such ordinance, shall publish notice of the creation of such district, if in a weekly paper, two consecutive weeks; and, third, the council or board shall have power by three-fourths vote of all members to enact an ordinance creating a paving or graveling district and to order such work to be done without petition upon any main thoroughfare that connects with or forms a part of the state highway system. The power of the board to make such improvements is circumscribed by the statute, and unless the board conforms to one of the three prescribed methods, they are without power to lawfully bind property to pay for such improvements. It evidently was not the purpose of the statute to grant unlimited and unrestricted power to the city councils and boards of trustees to improve streets.

It will be observed from the foregoing history of the proceedings that the village board cannot bring themselves under the first method, because they did not have 60 per cent. of property owners on the petition. Neither can they rightfully claim to have acted on the second method, because no notice of the establishment of the district was published for two weeks. As to the third method, it will be noted that improvement district No. 11 does not connect with or form part of a state highway.

"Powers conferred upon municipal boards by legislative charter will not be extended beyond the plain import of the language used therein." *Garver v. City of Humboldt*, 120 Neb. 132. That case further holds: "Statutes empowering municipal boards to perform certain functions

will be strictly construed, and all doubt will be resolved against the exercise of the power, rather than in favor of it."

Furthermore, there was no estimate of the proposed improvement made to or adopted by the board, and no advertisement for bids was published. These are required by section 17-119, Comp. St. 1929. The ordinance specified that should be done, but had a further provision that the board might have the work done without calling for bids or letting of contracts.

The appellants claim that under the village charter no estimate of cost is required because a village has no engineer. The ordinance required such estimate, and the villege board could employ an engineer, so it is unnecessary to decide the effect of the 1925 amendment (Laws 1925, ch. 51) to section 17-119, as applying to villages, and, besides, the village had been merged into a city of the second class.

Appellants claim that appellee is estopped to question the validity of the assessment, in that he knew the work was in progress and took no steps to prevent its completion. Estoppel in such cases may arise where there has been some irregularity in the proceedings, but where there is a failure to comply with some jurisdictional requirement estoppel will not arise. *Rooney v. City of South Sioux City*, 111 Neb. 1. Under the record as shown, no valid assessment for the cost of the graveling can be charged against plaintiff's property.

There are several other questions raised in the pleadings and briefs which are unnecessary to notice.

Th decree of the district court is

AFFIRMED.