## S. J. PESTER ET AL., APPELLANTS, v. CITY OF LINCOLN ET AL., APPELLEES.

FILED JUNE 22, 1934. No. 28928.

*Robert S. Stauffer* and *Sterling F. Mutz*, for appellants.

*Max Kier* and *Lloyd E. Chapman, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and REDICK, District Judge.

ROSE, J.

Originally this was a proceeding before the board of equalization of the city of Lincoln to vacate special benefit assessments for a municipal water main extending through the alley from Forty-fourth street to Forty-eighth street between Greenwood street and Adams street in water district number 141, city of Lincoln. Plaintiffs are owners of lots on which the assessments were levied. The board of equalization dismissed the proceeding. The dismissal was reviewed in the district court by petition in error on behalf of plaintiffs and the board of equalization was sustained. The judgment of the district court and the special

assessments are assailed by plaintiffs in the supreme court by petition in error.

It is insisted by plaintiffs that the assessments are erroneous because they exceeded the benefits accruing to the property in the water main district; because five lots in the district were omitted from the assessments, thus increasing the burden on the others; because all the real estate in the district was not assessed as required by statute; because plaintiffs were already supplied with water from other mains and consequently are not benefited by the new main; because each 50-foot lot in the district, excepting the five lots omitted, was assessed at $65.49, which exceeded the statutory limit of 50 cents a front foot by $40.49. Plaintiffs rely on the following provisions of a general statute applicable to cities and villages:

"Upon the completion of any extension of any water main in any such district, or the enlargement of any water main in any such district, the actual cost thereof shall be duly certified to the council or board of trustees of such city or village, and thereupon it shall be the duty of such council or board of trustees to assess such cost, not exceeding the sum of fifty cents per front foot, upon all real estate in said water main district. The cost of any such extension or enlargement in excess of said fifty cents per front foot, heretofore authorized to be assessed and levied against the real estate in the water main district, shall be paid out of the 'water fund' of such city or village, if there be such fund, and if such city or village has no 'water fund,' then the same shall be paid out of the general fund." Comp. St. 1929, sec. 18-705.

These provisions do not seem to apply to Lincoln, a city governed by its home rule charter. The language quoted is part of an act passed in 1907, the last section of which provides:

"The city council, or other authority in the city or village in this state, having general charge, supervision and control of all matters pertaining to the water supply of

such city or village, may, by resolution, elect and determine to proceed under the provisions of this article in the matter of ordering and making and causing to be made extensions or enlargements of water mains in such cities or villages, but are not required to do so, and until the adoption of such resolution, this article shall not be operative or in force in any such city or village." Comp. St. 1929, sec. 18-707.

There is nothing in the record to show that the city of Lincoln adopted a resolution making the act of 1907 operative therein. In the present instance the procedure, assessments and equalization conformed to the home rule charter. The extension of the water main through the alley from Forty-fourth street to Forty-eighth street between Greenwood street and Adams street in water district number 141 and the assessment of real estate therein for benefits were matters of local and municipal concern. Consequently the home rule charter prevails over the statute applying to cities and villages generally. *Consumers Coal Co. v. City of Lincoln*, 109 Neb. 51; *Sandell v. City of Omaha*, 115 Neb. 861; *State v. Johnson*, 117 Neb. 301; *Salsbury v. City of Lincoln*, 117 Neb. 465.

The other assignments of error are without merit for the following reasons: In the first instance questions relating to benefits, to assessments, to lots omitted as not benefited, to claims that lot owners were already supplied with water from other mains, and therefore not benefited, were matters for the city council to determine. The water main extension was regularly installed. Pursuant to notice according to the home rule charter, the board of equalization convened as such to equalize and adjust the special assessments and to hear such objections and complaints as are now made, found and determined that the assessments made by the city council did not exceed the benefits and were properly levied, and adjourned. Plaintiffs did not appear before the board of equalization at the time appointed for the hearing of their complaints and objections and did not make them until long after the opportunity to

do so had expired. They are therefore concluded by the final action of the board of equalization on nonjurisdictional objections and complaints. The judgment of the district court is in harmony with these views of the evidence and the law and is therefore

AFFIRMED.