BOSWELL et al. v. CHAMBLESS et al.

No. 29002. April 1, 1941.

Rehearing Denied May 20, 1941.

Application for Leave to File Second Petition for Rehearing Denied June 10, 1941.

*113 P. 2d 832.*

Thompson & Braley, of Ada, for plaintiffs in error.

J. F. McKeel, of Ada, for defendants in error.

GIBSON, J. This is an action in mandamus by the owners of a certain judgment against the city of Ada to compel the excise board of Pontotoc county to provide for the payment of said judgment by taxation in the manner required by law. Judgment was for plaintiffs, and defendant has appealed.

Defendant charges that the judgment is void on its face, and therefore the board is not to be compelled to provide taxes for its liquidation.

The judgment in question was recovered by the present plaintiffs against said city in a certain action to recover the amount of alleged illegal sewer assessments levied against their property and which they were compelled to pay.

The former judgment roll as pleaded in the instant case discloses that the city complied with the law in establishing the sewer district and completing the construction, and, with one exception, so plaintiffs allege, complied with the law in apportioning the costs and making the assessments against the property (secs. 6044, 6047, 6050, 6051, O. S. 1931, 11 Okla. Stat. Ann. §§ 271, 274, 277, 278). The exception was that it failed to comply with the statute concerning the payment of the costs of constructing the main and submain sewers in the district (sec. 6046, O. S. 1931, 11 Okla. Stat. Ann. § 273). Plaintiffs say that the city, instead of assuming the burden of paying for said main and submain sewers as required by the statute, apportioned and assessed the cost thereof to their property located in the district.

The former judgment was based principally upon the above allegation.

The defendant board asserts that the judgment roll on its face shows that no cause of action was or could have been stated by the plaintiffs in the former case. It is contended in this respect that the petition in said cause clearly revealed that the city had fully complied with the statutes from the creation of the district to the final assessment, and that the court was without power to entertain the action and to render the judgment by reason of the 60-day statute (sec. 6053, O. S. 1931, 11 Okla. Stat. Ann. § 280).

It is urged by defendant that said section 6046, providing that all mains and submains shall be paid for by the city, deals wholly with projects pertaining to the construction of public sewers in the form of mains and submains as classified in section 6044, and defined in section 6045, O. S. 1931, and that said provision does not apply in the case of district sewers as authorized by sections 6047 and 6050; that the latter sections are silent as to the construction of outlets as a part of the district system, and that such outlets, though they may resemble mains and submains, are necessary to the use and operation of district sewers and may therefore be assessed to the property thereby served. Defendant cites, as its principal authority, City of Bartlesville v. Keeler, 107 Okla. 14, 229 P. 450.

Looking at the statutes, we find that sewers are classified as public, district, and private (§ 6044), and that mains and submains are considered public sewers (§ 6046). There is no statutory exception to this latter classification. That portion of a system of sewers which serves as an outlet for the laterals can be classified in no other way than as a main or submain, and therefore a public sewer as distinguished from a district sewer. And mains and submains are to be paid for by the city unless the owners of more than one-half the area of land benefited thereby petition the city for the construction thereof. Section 6046, above. There was no such petition in this case.

The decision in City of Bartlesville v. Keeler, supra, is apparently contrary to what we have said above. But that case was decided prior to the 1925 amendment of section 6046. The material portion of said section as amended, and under which the instant case arose, reads as follows:

"Except as herein otherwise provided, the construction and maintenance of

public sanitary sewers and storm sewers in cities and towns shall be paid for as follows: Mains and submains of whatever size or extent shall be paid for by the city or town except that where a petition signed by the owners of more than one-half in area of the land that will be drained or benefited by the construction of such mains or submains, the mayor and council or the board of trustees or other legislative body may create a district and order the construction of such mains and submains and provide for the payment therefor to be made by the owners of the property included within such district in accordance with the procedure for the construction of and payment for district sewers as is provided in section 4405, of the Compiled Oklahoma Statutes Annotated 1921."

Prior to amendment, the entire exception concerning the petition by property owners did not appear in the statute. We find in this section a clear intention to confine the city's power in the matter of assessing property for the payment of mains and submains to those cases where the property owners duly petition therefor.

Power of the city to levy special assessments for public improvements is dependent entirely on the statutes or municipal charter. Authority in such case must be expressly granted or arise by necessary implication from the powers expressed. American-First National Bank v. Peterson, 169 Okla. 588, 38 P. 2d 957. There is no room for doubt in the instant case concerning the city's power to assess the property for the cost of the main sewers. Even in a district project it cannot assess the property for mains and submains, except where the property owners petition the city for the construction thereof. Section 6046, supra. Ordinarily the statutes in such case are strictly construed against the municipality, but here a strict construction is not necessary to a conclusion that the cost cannot be assessed against the property in the district, but must fall on the city. In this respect the former judgment was correct.

Defendant says the 60-day statute of limitation had expired before the former action was commenced, and that the court was without power to entertain the action.

Assuming that the statute is one of limitation of power instead of time only, we cannot agree that the court was without power to entertain the cause after the expiration of 60 days from the date of assessment. Special assessments not authorized by law are void, and the statute of limitations, sec. 6053, supra, has no application. American-First National Bank v. Peterson, above. This, however, is not an action to set aside the assessment or to avoid the warrants issued thereon, but one to assess the costs where the statute places them.

Defendant argues that, since the plaintiffs admitted that the sewer tax warrants were valid and not subject to attack after 60 days, they in effect conceded the validity of the entire proceedings in the matter of construction of the sewer, including the assessments as made, and for that reason could not state a cause of action against the city in the former case. But we see in this no admission that would relieve the city of the obligation to pay that portion of the costs of the project which the statute plainly says it must pay. The city was not without authority to construct the sewer system according to the plan adopted and followed, but it could not unload its share of the expense onto the property owners of the district without their consent. The trial court in the former case held that they had neither consented to such assessment nor waived their right to object thereto.

At the former trial the court found that nothing appeared on the face of the sewer proceeding to warn the property owners that the costs of mains and submains were being assessed against their property, and that settles that issue.

Defendant says the judgment in question violates section 7, art. 10, of the Constitution.

That section merely provides that the Legislature may authorize municipalities to levy and collect assessments for local improvements upon property benefited thereby. We see nothing in this that would prohibit the Legislature from re-

quiring the municipality to pay for improvements for the common good, such as public sewers.

Next it is contended that the judgment is void for the reason that it would require the city to appropriate money for the benefit of individuals in violation of section 17, art. 10, of the Constitution. But the levying of a tax or the appropriation of money to pay for a public sewer is not for the benefit of individuals, but for the city as a whole.

They say also that the court exceeded its judicial power in rendering a judgment against the city for the costs of a project arising under its governmental functions.

Whether the construction of the public sewers was a governmental function or merely the exercise of a corporate power is not material. It remains that the city at large has been benefited at the expense of the plaintiffs as a result of the city's unlawful act of assessing its own debt against the plaintiffs.

It is said further that the judgment on its face shows a violation of sections 5976-5979, O. S. 1931, 62 Okla. Stat. Ann. §§ 361-364. These sections provide in effect that in all actions on contract against a municipality there must be proof and a finding thereon by the court as to the extent of the municipality's present indebtedness. But the former action was not on a contract within the meaning of the statutes.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and BAYLESS, JJ., dissent.