HAROLD C. BESACK ET AL., APPELLANTS, V. THE CITY OF BEATRICE, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

47 N. W. 2d 356

Filed April 6, 1951. No. 32908.

*Hevelone & McCown,* for appellants.

*Walter Vasey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J:

This action in equity was brought by plaintiffs for themselves and all others similarly situated to have a special assessment upon their real estate in sewer district No. 60 declared void; to enjoin defendant city from enforcing or attempting to enforce the assessment; to require it to reassess the cost of construction and eliminate therefrom all costs and expenses of construction of any portion of said sewer situated in sewer district No. 28 and outside the boundaries of sewer district No. 60; and for general equitable relief.

Plaintiffs' petition, defendant's answer, and plaintiffs' reply thereto perfected the issues, which were submitted to the trial court upon the pleadings, other documentary evidence, and a stipulation of facts, without any oral testimony.

Thereupon the trial court entered a decree finding and adjudging substantially that defendant city had the power to create sewer district No. 60 and provide for the construction of a sewer therein; that the construction and cost of portions of the sewer situated outside ·the boundaries of district No. 60 were necessary to make a practical connection between said district and district No. 28, thus properly assessable against the property in district No. 60; and that plaintiffs, having failed to

appear before the board of equalization to protest and appeal from the assessments, could not collaterally attack the same. Upon such hypotheses, plaintiffs' petition was dismissed. Their timely motion for new trial was subsequently overruled, and they appealed, assigning substantially that the judgment was contrary to law. We sustain the assignment.

The facts are not in dispute. In August 1947, plaintiffs and other owners of property abutting upon Elk and Ella Streets in the city of Beatrice filed a petition with the mayor and city council requesting the city to create a sewer district and to construct a sewer in Wittenberg's Addition, between Ella and Elk Streets, 19th to 22d Streets, and assess the entire cost thereof against the private property in said district in the manner provided by law. Thereafter the city by ordinance created sewer district No. 60 composed of Blocks 19, 20, and 21, Wittenberg's Addition to Beatrice. The western boundary of such district was 19th Street. The area west of 19th, a north and south street, was already a part of sewer district No. 28, wherein a shallow sewer had been theretofore laid in an alley, not abutting upon plaintiffs' property, for the entire distance west of 19th Street.

In that situation, the council decided to build the new sewer in district No. 60 at a depth varying from 4.5 to 12.4 feet, and uniformly in a manner to connect it with the existing sewer at a point 300 feet west of 19th Street, such 300 feet to be in the same location as the preexisting sewer. The ordinance therefore located the sewer to be constructed in such manner that, in addition to that portion inside the boundary of district No. 60, it was also to run approximately 300 feet in the alley west of 19th Street, all of which was outside district No. 60 and in district No. 28. Thereafter the work was advertised for bids.

The engineer's estimate of such cost was $4,650.10 for labor and materials, and $5,022.10 for total expense. A contract for such construction was let in the sum of

$4,599, and construction commenced. While it was under construction the city decided to lower the sewer about 12 inches more, and extend it a distance of 452 feet west of 19th Street rather than 300 feet. The city itself paid that part of the cost of lowering the sewer an additional 12 inches. Upon completion of the work, the city drew warrants for the construction in the total amount of $5,503.80, which did not include the extra cost aforesaid paid by the city.

Thereafter the city council gave notice by publication, and on August 9, 1948, sat as a board of equalization, at which time it assessed the entire sum of $5,503.80 uniformly upon the respective properties in district No. 60.

The cost of the 452 feet of sewer west of 19th Street and outside the boundaries of district No. 60 was $1,574.50, which included $532.80, the cost of the 152 feet of sewer added during construction. Such total amount of $1,574.50, which did not include the cost of lowering the sewer another 12 inches voluntarily paid by the city, was included in the assessment against the property in district No. 60. Thereafter plaintiffs commenced this action.

Well-established rules of law are applicable to the situation presented. It is generally held that the power and authority delegated to a city to construct local improvements and levy assessments for payment thereof is to be strictly construed, and every reasonable doubt as to the extent or limitation of such power and authority is resolved against the city and in favor of the taxpayer. State ex rel. Todd v. Thomas, 127 Neb. 891, 257 N. W. 265, 96 A. L. R. 1470; Futscher v. City of Rulo, 107 Neb. 521, 186 N. W. 536; Batty v. City of Hastings, 63 Neb. 26, 88 N. W. 139; Harmon v. City of Omaha, 53 Neb. 164, 73 N. W. 671; 44 C. J., Municipal Corporations, § 2823, p. 493; 1 Page and Jones, Taxation by Assessment, § 234, p. 360.

As stated in 5 McQuillin, Municipal Corporations (2d Ed. Rev.), § 2171, p. 740: "Power to make public im-

provements does not of itself confer the power to levy and collect special taxes or assessments to defray the cost of such improvements. Moreover, as a municipal corporation has no inherent power to levy and collect such charges, and as the exercise of such power is in derogation of the right of private property, the law involved should be strictly construed, in determining whether the power exists, and in case of any fair and reasonable doubt, the doubt should be resolved against the existence of the power and the power denied. * * * The nature and extent of such power must be determined from the express grant, and municipal authorities must adhere strictly to its terms, for any material departure therefrom especially of a jurisdictional nature, is fatal to the validity of the assessment. This is to say that, in levying special assessments or taxes due observance of all mandatory and jurisdictional provisions of the applicable law is indispensable. All limitations expressed or implied therein must be strictly observed. If the applicable law prescribes the mode of exercising the power, the mode prescribed must be followed, or the assessment will be void; * * *. Finally, all laws relating to the subject should be construed together and in harmony if this can be done." See, also, 1 Page and Jones, Taxation by Assessment, § 231, p. 358.

Section 16-667, R. S. 1943, provides: "The city may, by ordinance, lay off the city into suitable districts for the purpose of establishing therein a system of sewerage * * * service; to provide such systems and regulate the construction, repair, and use of the same; to compel all proper connections therewith and branches from other streets, avenues, and alleys, and from private property; * * *."

Contrary to defendant's contention, however, the authority of defendant city to create sewer districts and construct or repair sewers is not involved in this case. Rather, the question is whether or not the city had the jurisdiction, power, and authority to levy special assess-

ments upon plaintiffs' property located within the boundaries of one such created sewer district for portions of a sewer, call it outlet, practical connection, or what you may, constructed or reconstructed and situated outside the boundaries thereof, and within the boundaries of another such created sewer district, all within the city. We conclude that it had no such jurisdiction or authority.

Section 16-668, R. S. 1943, provides in· part: "Unless the owners of lots and lands abutting upon any street, avenue or alley, or part thereof, *within said sewerage * * * district,* representing not less than two-thirds of the feet front abutting upon said street, avenue or alley, or part thereof, shall petition the mayor and council *to lay a sewer main * * * therein,* and assess the cost thereof to the abutting lands and lots, such improvements shall not be made until not less than three-fourths of all the members·of the city council shall, by vote, assent to the making of the same, without cost to the city; whereupon, upon such petition or such vote by the council, the mayor and council shall order *such sewer main * * ** laid and assess the cost thereof against the property *abutting upon such street, avenue or alley, or part thereof, within which any such sewer main * * * has been so placed.*" (Italics supplied.)

In· that connection, plaintiffs' property did not abut upon any street, avenue, or alley or part thereof within sewer district No. 28 where that portion of the sewer here involved was placed.

Section 16-672, R. S. 1943, provides: "Special taxes may be levied by the mayor and council for the purpose of paying the cost of constructing sewers or drains within the city. Such tax shall be levied *on the real estate lying and being within the sewerage district in which such sewers or drains may be situated* to the extent of benefits to such property by reason of such improvement." (Italics supplied.) That section also provides: "And where sewers are constructed and any assessment to

cover the costs thereof shall be declared void, * * * the mayor and council, for the purpose of paying the cost of such improvement, are hereby authorized and empowered to make a reassessment of such costs on lots and real estate lying and being within the sewerage district in which such sewer may be situated, to the extent of the benefits to such property by reason of such improvement."

Under the statutes aforesaid, it is conclusive that property located in a local improvement sewer district in a city of the first class cannot be lawfully assessed for the cost of a sewer physically constructed or reconstructed and situated outside of the district and within the boundaries of another district. In other words, defendant had no jurisdiction, power, or authority to levy an assessment upon the property in district No. 60 for the cost of that portion of the sewer constructed and situated entirely outside said district and in district No. 28.

The Kansas court, in City of Fort Scott v. Kaufman, 44 Kan. 137, 24 P. 64, so construed and applied a statute identical in all material respects with section 16-672, R. S. 1943. As stated in 1 Page and Jones, Taxation by Assessment, § 447, p. 683: "However, if the statute provides that the cost and expense of constructing a sewer shall be assessed against the lots or pieces of ground contained in the district in which the same is situated, an assessment cannot be levied for a discharging sewer situated outside of the district upon which the assessment is levied." See, also, 44 C. J., Municipal Corporations, § 2930, p. 554.

City of Bartlesville v. Keeler, 107 Okl. 14, 229 P. 450, relied upon by defendant, is entirely distinguishable upon the facts and all-inclusive statutes involved. In that connection it will be noted that such case was distinguished in Boswell v. Chambless, 189 Okl. 112, 113 P. 2d 832, by reason of a subsequent statutory amendment.

This court has consistently adhered to the rule that where a statute or charter expressly designates the location of property which may be assessed for local improvements, such assessments cannot be levied upon property not so located even though such property might have been benefited by the improvement. City of Scottsbluff v. Acton, 135 Neb. 636, 283 N. W. 374; Hurd v. Sanitary Sewer District, 109 Neb. 384, 191 N. W. 438. In the latter case it was said: "When extensions of the sewer are made will be time enough to charge the property thereby benefited. 'The improvement district is the foundation of all other proceedings'; and no taxes can be levied outside the district. McCaffrey v. City of Omaha, 91 Neb. 184." In other words, the primary purpose of creating a sewer district is to determine what property shall be assessed for construction therein. See, also, 63 C. J. S., Municipal Corporations, § 1347, p. 1084, § 1356, p. 1094. As stated in the latter section: "The location of land that may be assessed for sewer construction may be specifically designated by statute, and an attempted assessment against property not so located is invalid."

We conclude that the methods prescribed by the foregoing statutes granting to cities of the first class authority to levy special assessments to pay for the construction of sewers or drains within the city is fundamentally mandatory and jurisdictional, and that any assessments otherwise imposed are void. In that regard, as applicable here, the general rule is that special assessments made upon property without compliance with jurisdictional requirements are void as distinguished from irregular, and the owner of such property is not estopped to deny validity of the assessment. In such cases the doctrine of estoppel has no application. 44 C. J., Municipal Corporations, § 3160, p. 687; 63 C. J. S., Municipal Corporations, § 1462, p. 1253; 5 McQuillin, Municipal Corporations (2d Ed. Rev.), § 2273, p. 1067; Cullingham v. City of Omaha, 143 Neb. 744, 10 N. W. 2d

615; City of McCook v. Red Willow County, 133 Neb. 380, 275 N. W. 396; Musser v. Village of Rushville, 122 Neb. 128, 239 N. W. 642.

The rule in such a situation is that: "Where a special assessment for such improvement is made without a compliance with such jurisdictional requirements, such assessment is void, and may be assailed collaterally." Wiese v. City of South Omaha, 85 Neb. 844, 124 N. W. 470. See, also, Power v. Jones, 126 Neb. 529, 253 N. W. 867.

For the reasons heretofore stated, we conclude that insofar as the assessments here involved uniformly included the cost of construction of that part of the sewer situated outside the boundaries of district No. 60, that is, the cost thereof amounting to $1,574.50, was and is void, and as such should be uniformly excluded from the assessments. Therefore, a decree should have been entered awarding plaintiffs the relief sought by them.

Other questions were presented, but as we view it, a discussion thereof is not necessary to arrive at a decision of the primary issues.

The judgment of the trial court should be and hereby is reversed with directions to enter a judgment for plaintiffs as prayed by them in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.