STATE OF NEBRASKA EX REL. JOSEPH D. MARTIN, APPELLANT, v. O. E. CUNNINGHAM, PRESIDENT OF THE GRAND ISLAND CITY COUNCIL, ET AL., APPELLEES.

64 N. W. 2d 465

Filed May 21, 1954. No. 33555.

*Joseph D. Martin,* pro se.

*Harold A. Prince,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for a writ of mandamus against the city of Grand Island and its officers to compel the city

to accept interest at the rate of 6 percent on delinquent paving assessments. The trial court held against the relator, and he appeals.

The issue can be summarized as follows: The city of Grand Island is a home rule city. Under its charter the cost of paving may be assessed against the property benefited, to be paid in 10 annual installments bearing interest not in excess of 7 percent per annum, and, after such installments become delinquent, at a rate of 10 percent per annum. The ordinance assessing the benefits on the property here involved provided that the installments should bear interest at 7 percent per annum until they became delinquent, after which they were to draw interest at 9 percent per annum. It is the contention of the relator that the installment payments should draw interest at the rate of 4 percent per annum until delinquent, and 6 percent per annum thereafter, pursuant to section 16-622, R. S. Supp., 1953. The specific question for determination is whether the rate of interest to be charged on special assessments for paving in a city operating under a home rule charter is governed by provisions of the charter and ordinances enacted pursuant thereto, or by the provisions of the general statute (section 16-622, R. S. Supp., 1953).

It is not questioned that the city council of the city of Grand Island did on September 19, 1953, enact an ordinance levying a special assessment against the property of relator to pay the cost of paving in the amount of $368.21. The first installment on the special assessment became delinquent on November 9, 1953. On November 12, 1953, relator tendered payment for the amount of the installment with interest at 6 percent per annum from the date it became delinquent. Payment was refused on the ground that the interest was insufficient in that interest at the rate of 9 percent per annum from the date the installment became delinquent was not tendered. This action was thereupon commenced to compel the

acceptance of the installment due with interest at 6 percent from the date it became delinquent.

Under our Constitution a home rule charter must be consistent with and subject to the Constitution and laws of this state. This has been construed to mean that a provision of a city home rule charter takes precedence over a conflicting state statute in instances of local municipal concern. The purpose of the home rule charter provision is to render cities independent of state legislation as to all subjects of strictly municipal concern. When the Legislature has enacted a law affecting municipal affairs which is of state-wide concern, the law takes precedence over any municipal action taken under the home rule charter. Nagle v. City of Grand Island, 144 Neb. 67, 12 N. W. 2d 540. On the other hand, if the legislative act deals with a strictly local municipal concern, it has no application to a city which has adopted a home rule charter. Axberg v. City of Lincoln, 141 Neb. 55, 2 N. W. 2d 613, 141 A. L. R. 894.

The power to adopt a home rule charter is derived from the Constitution. Its very purpose was to delegate all municipal powers formerly prescribed by the Legislature to the municipality itself except where matters of state-wide concern are involved. Except as to matters of state-wide concern, a home rule charter is to be construed according to the same rules as a legislative act containing the same provisions in determining the authority possessed by the municipality. Consumers Coal Co. v. City of Lincoln, 109 Neb. 51, 189 N. W. 643. The constitutional limitation that a home rule charter must be consistent with and subject to the laws of the state simply means that on matters of such general state-wide concern to the people of the state as involve a general public need or policy, the charter must yield to state legislation. State ex rel. Fischer v. City of Lincoln, 137 Neb. 97, 288 N. W. 499.

It appears clear to us that the assessment of special benefits to pay for paving improvements within a city

is strictly a municipal matter. It is not only municipal in character but it is local as well, although there may be exceptions. Hinman v. Temple, 133 Neb. 268, 274 N. W. 605, 111 A. L. R. 1217. The power to make paving improvements and to levy assessments to pay for the same is derived from the charter and not from the statute. In other words, the charter provisions are derived directly from the Constitution and are superior to any statute except where a matter of state-wide concern is involved.

We fail to see where the state is generally concerned in the making of purely local paving improvements or the levying of assessments for special benefits therefor, including the rates of interest to be collected either before or after such special assessments become delinquent. It is a matter of local municipal concern which involves no matter of safety, health, policy, or other protection of the citizens of the state which must be deemed to generally concern all the people of the state.

In Sandell v. City of Omaha, 115 Neb. 861, 215 N. W. 135, the court had under consideration a case in a home rule city involving the levy and assessment of taxes for the cost of paving. The court said: "Other questions are raised and discussed at some length, but, upon a review of the facts and the law applicable thereto, it clearly appears to us that both the amendment and the assessment of the taxes complained of constituted a valid exercise of councilmanic power, and they do not therefore offend against the fundamental law."

In Salsbury v. City of Lincoln, 117 Neb. 465, 220 N. W. 827, the court held: "The matter of improving the streets, alleys and highways within the corporate limits of a municipality is one strictly of municipal concern and the municipal authorities in regard to such improvement are only required to act in conformity with the provisions of the charter under which such city has its legal existence, and under the charter of the city of Lincoln its municipal officers are authorized to pave

and improve connecting streets as well as intersecting streets." In the foregoing case a charter provision authorized the paving of two or more connecting or intersecting streets while the general statutes of the state required city councils to include only intersecting streets. The charter was held to be controlling.

In Pester v. City of Lincoln, 127 Neb. 440, 255 N. W. 923, the contention was advanced that assessments for a municipal water main were erroneous because they were at variance with the general statute. The court held that the home rule charter controlled, saying: "In the present instance the procedure, assessments and equalization conformed to the home rule charter. The extension of the water main through the alley from Forty-fourth street to Forty-eighth street between Greenwood street and Adams street in water district number 141 and the assessment of real estate therein for benefits were matters of local and municipal concern. Consequently the home rule charter prevails over the statute applying to cities and villages generally."

The foregoing cases clearly indicate that, in matters relating exclusively to local municipal concern, a home rule charter provision prevails over conflicting provisions in a state statute containing legislation on the same subject applicable to cities generally. State ex rel. City of Lincoln v. Johnson, 117 Neb. 301, 220 N. W. 273. In such matters the home rule charter city has the same power to legislate that the Legislature had. The power to so legislate is derived from the Constitution and not the Legislature. If a matter of local concern is involved, a state statute applicable to nonhome rule cities has no application whatsoever. If the home rule charter be deficient, the general statute may not be relied on to supply the defect. If the home rule charter conforms to the constitutional grant which created it, attempted limitations upon its power by the Legislature are to no avail.

The appellant appears to contend that the right to

pave the streets of a home rule city and to levy assessments therefor is derived from the general statutes of the state. Such is not the fact. As to matters purely local in character the Legislature is powerless to act. In the present case, the city of Grand Island did adopt the general statutory provisions then in existence when it adopted its charter. This is merely a coincidence and does not change the fact that the origin of its powers was the Constitution and not the statute applicable to other than home rule cities.

We hold that the levy and assessment of special benefits for the cost of paving, including the manner of their payment and the interest rates to be paid thereon, under the facts of this case, are a matter of local municipal concern controlled exclusively by the home rule charter.

AFFIRMED.